LITTLE ROCK AND NAPOLEON RAILROAD COMPANY v. LITTLE ROCK, MISSISSIPPI RIVER AND TEXAS RAILROAD COMPANY.

1. LITTLE ROCK AND NAPOLEON RAILROAD COMPANY: *Act creating, a public act: Not abolished by constitution of 1874.*
   The act of twelfth of January, 1853, creating the Little Rock and Napoleon Railroad company, is a public act, of which the courts will take judicial notice; and by it the company was immediately created a corporation; and having, in good faith, commenced the construction of its road before the adoption of the constitution of 1874, its charter was not revoked by section 1, Article XII, of that constitution.

2. ESTOPPEL: *Railroad companies subject to.*

[The principal question decided in this case is, that railroad companies are subject to the same rules of estoppel as individuals. Upon the facts the appellant is held to be estopped to oppose the appellee's constructing its road upon the line of the appellant. The facts constituting the estoppel, are too numerous to be included in a syllabus, and the reader is referred, for them, to the case.—REPORTER.]

APPEAL from *Pulaski* Chancery Court.
Hon. DAVID W. CARROLL, Chancellor.

*John McClure*, for appellant:

Legislative action essential to exercise of railroad franchises. . The State v. B., C. & M. R. R., 25 Vt., 433; Newburg Turnpike v. Miller, 5 John. Chan., 101; Auburn v. Cato Plk Road, 9 N. Y., 444; McCandley's Appeal, 70 Pa. St., 210; Atkinson v. M. & C. R. R., 15 Ohio St., 21.

And when one grant only is made it is in its nature exclusive. Raritan & Delaware R. R. v. Delaware & Raritan R. R., 18 N. J. Eq., 568. And prior grant gives prior right of selecting land. Canal Co. v. Railroad Co., 4 Gill & John., 1.

The act of twelfth of Jan., 1853, sec. 21, gave 500 years to locate the road, in absence of any subsequent grant. This no monopoly. Tuckahoe Canal Co. v. Tuckahoe R. R., 11 Leigh., 42.

Appellant's road not within provisions of sec. 1, art. 12, const. of 1874. Hammett v. L. R. & Nap. R. R., 20 Ark., 207. Besides, it is a vested right under const. of U. S. Dartmouth College v. Woodward, 4 Wheat., 418; Binghampton Bridge case, 3 Wall, 51. Neither courts of law, nor of equity can limit time for completion when charter does not. Thicknesse v. Lancaster Coal Co., 1 Eng. Ry. Ca., 627; Heard v. Talbot, 7 Gray, 119.

Action lies against defendant by the assumed name.

Newton Co., etc., v. Nofringer, 43 Ind., 566; Paulman v. Sweet, 1 Chand. (Wis.), 337.

The corporate existence of defendant road interfering with the franchises of appellant, may be questioned. Cases above cited from 3 Wal., 51; 15 Ohio St., 21; 18 N. J. Eq., 572. Also, Com. v. P. & C. R. R., 24 Pa. St., 160; Boston W. Co. v. B. & W. R. R., 16 Pick., 526; Denver & S. Ry v. Denver City R. R., 2 Col., 679; Piper v. Rhodes, 30 Ind., 309; Slocum v. Providence, 10 R. I., 114; O., V. & R. R. v. Plumas Co., 37 Cal., 360; Gas Co. v. Gas Co., 27 La. An., 138; Elizabeth City v. Lindley, 6 Iredell, 479; Tar Navigation Co. v. Neil, 3 Hawkes, 537; Bigelow v. Gregory, 73 Ill., 201; Patterson v. Arnold, 45 Pa. St., 81; A. & O. R. R. v. Sullivan, 5 Ohio St., 279; People v. Chambers, 42 Cal., 201; Jersey City Gas Co. v. Dwight, 29 N. J., 242; Brooklyn, etc., R. R., 72 N. Y., 245; ib., 75 N. Y.; Boston & L. R. R. v. Salem & L. Railroad, 2 Gray, 1.

Injunction the proper remedy. Boston A. Co. v. B. & W. Railroad, 16 Pick., 526; 1 Am. Ry cases, 274; Com. v. P. & C. Railroad, 24 Pa. St., 160; Newburg Co. v. Millar, 5 John. Chan., 101; Sto. Eq. Ju., secs. 925, 926, 927; Stewart's Appeal, 56 Pa. St., 442.

May be at suit of any one injured specially, or about to be, other than stockholders and contractors. D. & S. Ry Company v. Denver City Ry Company, 2 Col., 679; Piper v. Rhodes, 30 Ind., 309; O. V. Railroad v. Plumas Company, 37 Cal., 354; Slocum v. Providence, etc., 10 R. I., 114.

Any one whose rights are affected may question the constitutionality of an act. Atkinson v. Marietta & Cincinnati Railroad, 15 Ohio St., 21; Gas Company v. Gas Company, 27 La. An., 138.

Defendant being wrong, can not show forfeiture of plaintiff's charter. Pennsylvania Railroad v. National Railway,

23 N. J. Eq., 464-5 ; Elizabeth City v. Lindley, 6 Iredell, 479 ; Tar Navigation Company v. Neal, 3 Hawkes, N. C., 537.

" *Non user* " or " abandonment" of complainant's franchises, can not be set up until forfeiture declared. West v. Carolina Insurance Company, 31 Ark., 476. Answer must show when and how corporate rights ceased. Heaston v. Cincinnati Railroad, 16 Int., 276 ; Brookville Turnpike Company v. McCarty, 8 Int., 392 ; Sutherland v. L. & M. Plank Road, 19 Ind., 192.

Complainant's charter a public law. No abandonment shown. Raritan Water Power Company v. V., 21 N. J. Eq., 479, 80 ; Morris & Essex Railroad Company v. Blaine, 1 Stock., N. J., 648.

Agreement to transfer does not affect legal existence of corporation, nor actual transfer of all its property. Hays v. Ottawa Railroad Company, 61 Ill., 42 ; Abbott v. Rubber Company, 33 Barb., 587 ; Burke v. Smith, 16 Wall., 395 ; Penobscot Railroad Company v. Dunn, 39 Me., 587 ; Bedford Railroad Company v. Bowser, 48 Pa. St., 29. Directors can not transfer—cases *supra* and Field on Corporations, pp. 169-70—unless for purposes consistent with objects of corporation. Kean v. Johnston, 1 Stock., N. J., 401 ; Black v. Delaware Railroad Company ; 7 C. E. Green, N. J., 130 ; ib., 9 ; ib., 455 ; Como v. Port Henry Iron Co., 12 Barb., —.

Charter gave no power to sell. If it existed, it must have been exercised by *all* the stockholders. Kean v. Johnson, 1 Stock., 401. Defendant had no power to purchase, and no estoppel grows out of void acts. Edwards v. Evans, 16 Wis., 185.

Assignment of property was not evidence of abandonment or surrender of franchise. Boston Glass Manufacturing Co. v. Langdon, 24 Pick., 52.

L. R. and Napoleon R. R. Co. v. L. R., Miss. River and Texas R. R. Co.

Distinction between corporations by special charter, and under general laws. Latter must be proved to exist, if denied. Hammett v. L. R. & Nap. R. R., 20 Ark., 207; Bigelow v. Gregory, 73 Ill., 201; Patterson v. Arnold, 45 Pa. St., 81; Mokelumne Hill Mining Co. v. Woodbury, 14 Cal., 424. Certain acts must be done as conditions precedent of corporate existence. A. & O. R. R. v. Sullivant, 5 Ohio St., 279; The People v. Chambers, 42 Cal., 201; ib., 4 Am. Ry. Rep., 49. No terminal points shown in the articles of association.

A preliminary survey was necessary to existence of defendant company. Act of July, 1868; also, map and profile. What is a "survey?" See Attorney General v. Stephens et al., 1 Sux., N. J., 384; Morris & Essex R. R. v. Blan., 1 Stock., N. J., 644; Hetfield v. Central Railroad, 5 Dutch, 574. Conditions must be fulfilled before corporate rights vest. Jersey City Gas Co. v. Dwight, 29 N. J. Eq., 242. Requirements of affidavit not fulfilled. B. & P. R. R. Co. v. Hatch, 20 N. Y., 160; section 4919 Gantt's Digest. As to other requirements, reference made to The People v. Chambers, 42 Cal., 201; The People v. S. & V. R. R., 45 Cal., 314; Unity Ins. Co. v. Cram, 43 N. H., 636; Harris v. McGregor, 29 Cal., 127; Williams v. Franklin Association, 26 Ind., 316; Bedit v. Harris et al., 4 Minn., 513; DeWitt v. Hastings, 69 N. Y., 522; Abbott v. Omaha Co., 4 Neb., 416; Fields v. Cook et al., 16 La. An., 154; Childs v. Smith, 55 Barb., 52.

Against non-performance of these conditions, equity can not relieve. Davis v. Gray, 16 Wall., 229-30; Bigelow v. Gregory, 73 Ill., 197.

But section 4 of act of July 23, 1868, would not, even if conditions had been performed, have authorized defendant corporation to construct, operate or maintain a railroad. See section —, also sections 5 and 22, for the full powers. The

defendant could take no other powers than the original mortgagor had. They purchased under judicial sale, and got no powers. Carey v. Cincinnati R. R., 5 Iowa, 366.

A *statutory* forfeiture requires no judicial declaration. The right vests in the state *immediately* on the event. Oakland R. R. v. O. V. R. R., 45 Cal., 365; Silliman v. F. O. & C. R. R., 27 Gratt., 119; 17 Am. Ry. Rep., 157; 5 ib., 148; The U. S. v. Grundy, 3 Cranch, 151; Kennedy v. Strong, 14 Johns., 129; N. Y. R. R. v. Boston R. R., 36 Conn., 196; D. & E. R. R. v. Beross, 39 Ind., 598; 10 Am. Ry. Repts., 382; Wilds v. Serpill, 10 Gratt. (Va.), 405; Hale v. Bronsann, 10 Gratt., 418; Staats v. Board, ib., 400; Brooklin Winfield v. Newton Ry. Co., 72 N. Y., 245.

Recognition of defendant by legislature, does not affect the question. It had no power to *create* by recognition—only by general law.

Act of July 23, 1868, prohibited incorporation of any railroad within ten miles of complainant's route. Section 21.

The act of 1879 in conflict with section 25, Art. V, Const. of 1874

Legislative recognition invalid for want of grantee. O. & V. R. R. Co. v. Plumas Co., 37 Cal., 355; Brooklin Winfield v. Newton R. R., 75 N. Y., —. It can not revive what is gone. The People v. Manhattan Co., 9 Wend., 351; The People v. Kingston Turnpike Co., 23 Wend., 193.

Act of 1879 further in violation of Article XII, sections 2 and 6, and Article X, sections 25 and 26, Const. of 1874.

Recognition of governor and state officers of no avail. The People v. The Phœnix Bank, 24 Wend., 431–2. Besides, the recognition was under an unconstitutional act. The State v. L. R., P. B. & N. O. R. R., 31 Ark., 702.

What powers did defendants obtain by purchase under sale?

*Franchises* can not be mortgaged without legislative authority. The Commonwealth v. Smith, 10 Allen, 448; Atkinson v. Marietta R. R., 15 Ohio St., 21; 1 Jones on M., section 124.

Conceding that the franchise may have been susceptible of mortgage, what passed? The entire *surveyed line of railroad* within surveyed limits. Eldredge v. Smith, 34 Vert, 484, 92; Vermont Central R. R. v. Burlington, 28 Vert., 196. No map, surveys, nor deeds had been filed showing the line. There was nothing ascertained for the operation of the mortgage. Seymour v. Canandaigua Railroad, 23 Barber, 306. Corporate right to make survey did not pass by sale. Chaffer v. Hudeling, 27 La. An., 608; Randolph and Delaware Railroad v. Delaware and Randolph Railroad, 18 N. J. Eq., 559; 20 Am. Railway Reports, 423; Col. v. C. P. and I. Railroad, 10 Ohio St., 385. Union Pacific Railroad v. Lincoln Co., 1 Dillon, 325.

Again, defendants acquired no rights at foreclosure sale because no portion of the work was done in five years, and it was not completed within ten. Silliman v. Fredericksburg Railroad, 27 Gratt., 126; sec. 3417 Gantt's Digest.

It was the *main line*, not the *branches*, which should have been completed to fulfill the requirements of the act. There was no corporate existence when the foreclosure decree was rendered. Act of July 23, 1868. Complainants' not parties to that decree and not estopped.

Acting as such, does not make a corporation *de facto*. DeWitt v. Hastings, 40 N. Y. Sup. Ct., 463; ib., 69 N. Y., 518; U. S. Digest, vol. 7, p. 178. Under general act corporation can not be created by estoppel. Boyce v. Methodist Church, 46 Md., 372.

The transfer of stock to those who reorganized complainant company, did not require *as between parties*, the approval of the company. Duke v. Cahawba Nav. Co., 10 Ala.,

82; Chambers Ins. Co. v. Smith, 11 Pa. St., 120; Choteau Springs Co. v. Harris, 20 Mo., 382; Eames v. Wheeler, 19 Pick., 442; Stone v. Hackett, 12 Gray, 227; Bargate v. Shortridge, 31 Eng. Law and Eq., 44.

Act of July 23, 1868, unconstitutional from divers defects, and irregularities in its passage.

The same contended with regard to the act of December 9, 1874.

Last act unconstitutional also, because it endeavors to confer corporate powers upon mere purchasers, not incorporate, nor required to become so. Const. of 1874, Art. XII, secs. 2, 6; State v. Sherman, 15 Ohio St.; also because it is a *special act.* Const. of 1874 (*supra*); Atkinson v. M and C. R. R., 15 Ohio St., 36; San Francisco v. S. V. W. W; 48 Cal., 494; also because it revived forfeited corporate rights, without attaching proper conditions. Const. of 1874, Art. XII, sec. 1; Art. XXII, sec 8; Brooklin Winfield v. Newton R. R., 72 N. Y., 245; ib., 75 N. Y.

Also for other reasons.

Waiving, however, all objections to the organization of the L. R., P. B. and N. Orleans Co., or to defendant or its successor by purchase, corporate *property* can not be lost or forfeited by *non user*, any more than corporate *franchise*, without judicial declaration. Austin v. Webb, 8 Ohio, 548. The resolution of July 10, 1869, is only a *license to enter*, but no evidence of adverse title, or right to hold. Floyd v. Ricks, 14 Ark., 286; Blakeny v. Ferguson, 20 Ark., 560; Burke v. Hale, 7 Ark., 329. A grant can not be divided. Statute of limitations does not bar occupation of the line between Pine Bluff and Little Rock. Angell on Lim., sec. 401, p. 402.

The supposed conveyance to defendant company was void, and had only the effect of an estate at will. Sec. 2960 Gantt's Digest. It was without consideration, and

works no estoppel. Nor does the action of individual stock-holders in standing by, or aiding defendants to build their road.

The purchase, under the foreclosure sale, was made by Huntington and Adams, who took the deed. No convey-ance is shown from them to defendant company. It has no title. Leffingwell v. Elliott, 8 Pick., 456.

*Huntington*, for appellees:

Complainants must show: First, *exclusive* right, and sec-ond, disturbance by defendants.

The right must depend on statute, and must be *clearly* granted. Charles River Bridge v. Warren Bridge, 11 Pe-ters, 420. All doubt is in favor of the state. Mills v. St. Clair Co., 8 Howard, 569; Perrine v. The Chesapeake and Del. Canal Co., 9 Howard, 172; R. Fred. and Pot. R. R. Co. v. Lisbon R. R. Co., 13 Howard, 71; Minturn v. Larue et al., 23 How., 435; Bridge Proprietors v. Hoboken Co., 1 Wall., 116; Turnpike Co. v. The State, 3 Wall., 210.

The same principle adopted by numerous state courts. 27 N. Y., 87; 6 Paige, 554; 3 Sandf. Ch., 625; 16 N. J. Eq., 321; 2 Beasley, 46, 503; 16 N. J. Eq., 419; 5 Cush., 375; 2 Gray, 1; 21 Vt., 590; 27 ib., 140; 4 Zab., 87; 14 Ill., 314, 273; 13 Ind., 90; 11 Leigh, 42; 11 La., 253; 4 Mich., 361; 9 Watts, 9; 52 Penn. St., 506; 13 Penn. St., 555; 2 Porter, 296; 9 Georgia, 517, 213; 31 Mississippi, 679; 51. ib., 335; 5 Ohio St., 528; 3 Head., 596; 21 Conn., 294.

Same rule in England. 2 Barn. & Ad., 792; 7 Mann. & G., 253.

The charter of complainant does not contain such exclu-sive grant.

If it existed between *Little Rock* and *Napoleon*, it would not follow that it existed against a road from Little Rock by *Pine Bluff* and thence in a direction different from Na-

poleon. People v. Albany and Vt. R. R. Co., 24 N. Y., 261; Richmond, F. and P. R. R. Co. v. Louisa R. R. Co., 13 Howard, 71; Tuckahoe Canal Co. v. T. and I. R. Railway, 11 Leigh., 42; Pontchartrain Railway Co. v. N. O. and L. P. Railway, 11 La., 253; B. and L. R. R. Co. v. B. and M. R. R. Co., 5 Cush., 375; B. and L. R. R. Co. v. S. and L. R. R. Co., 2 Gray, 1.

And the exclusive right granted, must *remain*, in possession and enjoyment. Kent's opinion in Livingston et al. v. Van Ingen, 9 Johns., 507; High. on In., sec. 573, p. 320.

Acts of complainant showed an intention to abandon all its rights and franchises to defendant, or its parent company. It is now *estopped* from demanding this injunction by acquiescence and *laches*.

The claim is stale. Smith v. Clay, adm., 645. Silliman v. Railroad Company, 94 U. S., 811; and authorities there cited by Mr. J. Swayne. Also 21 N. J. Eq., case 283; 20 ib., 530; 1 Railway & C. cases, 68; 3 Milne & Craig, 784, 711, 730; 2 Railway and Company cases, 187; 18 Vesey, 515; De Gex. M. & G., 341; 2 Sim., N. S., 78; Johnson, 500; 11 Jur., N. S., 192; 7 Vesey, 230; 5 Johnson Ch., 268, 272; 18 Ohio St., 169; 43 Iowa, 301; 6 Allen, 52.

This abandonment brought complainant in the purview of section 1, Article XII, constitution of 1874, and it became dissolved. It amounted, if not to a transfer, at least to a surrender of all its rights and franchises, which is permissible. Angell & Ames on Cor., 772, and cases cited; State of Ohio v. Sherman, 22 Ohio St. Rep., 411, 428; Railroad Company v. Georgia, 98 U. S., 359; Clearwater v. Meredith, 1 Wall., 25; State v. Bull, 16 Connecticut, 179.

The charter only gave complainant a *reasonable* time to avail itself of the grant, not a perpetuity. 24 N. Y., 261; Railway Company v. Philadelphia, 101 U. S., 528, 539; Wright v. Nagle, 101 U. S., 791; Stone v. Miss., ib., 814.

As to defendant, its existence as a corporation can only be inquired of by the state. 31 Barb., 258; 16 Ala., 372; 27 Penn. St., 380; 26 N. Y., 75; 20 Ark., 204, 443, 495; 31 ib., 476; 58 Penn. St., 399; 16 S. & R., 140; 15 N. H., 162; 32 Ill., 79; 1 Md. Ch. Dec., 107; 4 Gill. & J., 1, 121; 9 ib., 365, 426; 35 Mo., 190; 12 Conn., 7; 22 Cal., 434; 24 Vt., 465; 7 Grattan, 352; 9 Wend., 351; 2 McMull., 439; 24 How., 278; 10 Otto, 55; Red. on Railways, vol. 1, sec. 18, pp. 63, 66; Angell & Ames on Cor., secs. 635, 636.

Not such irregularities in acts, relied on by defendant as to render them void. Vinsant, Adm. v. Knox, 27 Ark., 266, 278; English v. Oliver, 28 Ark., 317; Worthen v. Badgett et al., 32 Ark., 496; Smithee Com. v. Garth, 33 Ark., 1.

Evidence shows that this suit is not prosecuted by proper authority of complainant company, even if it is still in existence.

*Clark & Williams*, for appellees:

Grant to complainants did not give exclusive right to build on any route. 1 Red. on Railways, 257, 258, sec. 8; Charles River Bridge v. Warren Bridge, 11 Pet. U. S., 420; Thorpe v. Rutland & Burlington Railroad Company, 27 Vt., 140; B. & L. Railway, v. S. & L. Railway, 2 Gray, 1; M. Bridge Company v. Utica & Sch. Bridge Company, 6 Paige, 554; Hud. & Del. Canal Company v. New York & Erie Railway, 9 Paige, 323 and n. to p. 260.

Corporate existence of defendant implied from legislative recognition. 1 Red. on Railways, p. 56, sec. 19; Dillingham v. Snow, 5 Mass., 547; 2 Kent's Com., 277; 1 Blackstone's Com., 473. But want of right in defendant can not give right to complainant. 1 Red. on Railways, p. and n. to pp. 2, 3; Bank of Middleton v. Edgerton, 30 Vt., 182; 2 Milne & Keen, 517; 10 Ohio St., 385; 8 Con-

43—36

·densed Eng. Ch., 111; 13 Sim , 228; 2 B. and Ad., 646; 3 Cal. Reports, 241.

Corporation *de facto* sufficient. Attorney General v. Utica Gas. Co., 2 John. Ch., 371; 2 Vesey's Reports, 314; Nicholas v. Rochester Bank, 11 Paige, 118; People v. Susquehanna Railroad Company, 55 Barb., 314; People v. U. Gas Company, 15 John., 378.

If defendant wrongfully exercising corporate franchise, remedy is by *quo warranto.* Angell & Ames on Cor., 731 to 739; Corn. v. G. & N. Railroad Company, 20 Penn. St., 518; and the remedy is exclusive. 14 Abbot's Pr. (new se-·ries), N. Y. Reports, 191; 10 Barn. & Cres., 230; Dumb-man v. Empire Mills, 12 Barb., 341; Wright v. People, 15 Ill., 417; Murphy v. Farmers' Bank, 20 Penn. St., 415; 5 Mass., 230; Wilcox on Cor. And can only be prosecuted by leave of court. 5 Baer Ab. " Information" D., p. 180; 2 John,, 184, 190; 1 Doug. (Mich.), 59; 12 Penn. St., 365; Angell & Ames on Corp., 739.

Existence of defendant valid under act of January 8, 1851, and under the mortgage sale it purchased the right to build the road. Pacific Railroad Company v. Lincoln Co., 1 Dill., 325, 326; Morgan v. La., 3 Otto U. S., 232; Rover on Jud. Sales, sec. 516.

Complainant's charter fails to designate any line of road. See Acts. No location has yet been made as required. The charter was forfeited by *legislative act* expressed in the constitution. Article XII, sec. 1; 1 Green. (Iowa), 553; State v. Curran, 7 Eng., 321; 3 Kent's Com., 306; McLean v. Pennington, 1 Paige, 107.

Complainant died by *non user.* White v. Campbell, 5 Humph., 37; Bank v. Petway, 3 Humph., 522; Pomeroy v. Bond of Ind., 1 Wall., 23.

Dissolution may be inferred. Angell & Ames on Cor.,

L. R. and Napoleon R. R. Co. v. L. R., Miss. River and Texas R. R. Co.

secs. 144, 773, p. 777; Woodbridge Union v. Colneys, 13 Ad. & El., 269; 2 Bacon's Abridg't, Cor., G., pp. 481, 482.

Complainant estopped. 33 Iowa, 422; 11 Ohio St., 516; 26 Wis., 84; Bigelow on Estoppel, 501; 1 Bay. (S. C.), 239; 4 Wall., 189. Also barred by limitations. 35 Penn. St., 191; 14 Ark., 246, 261; 15 Ark., 286, 296; 1 McLean, 164; 1 How.; 168; 19 Ark., 16, 21; 22 Ark., 272; 21 Ark., 9; 15 La. An., 427; 11 ib., 212.

Defendant has been over seven years in possession under color of title to the whole line. This makes a good bar. 20 Ark., 542; 1 Watts. & Sergt. (Penn.), 505,; 13 How., U. S., 472; 18 How., 50; 7 Hill, N. Y., 488; 24 Wend., 611; 18 John., 355; 4 Porter (Ala.), 164; 20 Ark., 508.

*L. A. Pindall,* for appellees:

Complainant company not represented in this suit by proper authority.

The injunction asked would be highly detrimental to the public, and complainants have adequate remedy by "trespass."

Complainant's charter confers no exclusive right. Red, on Rail., vol. 2, secs. 231, 3 and 10; 11 Peters, 543, 6, 7, 8 and 9; 4 Peters, 562; 13 How., 81; 23 N. J., 445 and 8,. 451, 5 and 6; 47 Maine, 189, 208; 13 Ind., 90-92. Therefore it can not question defendant's legitimate existence, so long as it does not trespass on any exclusive right of complainant company,

Defendant claims existence under the act of December, 1874. The presumption is that the general assembly acted properly in the silence of its journals. 27 Ark., 278, 9, 280 and 1; 28 ib., 319, 20, 21; 32 ib., 419, 422, 516, 520. See also Cooley's Const. Lim., p. 97 and 170.

Legal existence of defendant can not be questioned in this proceeding. Angell & Ames on Corp., secs. 731 and 777;

Field on Corp., sec. 493; 32 Ill., 80 and 82, pp. 108-9-10, 111 and 116; 6 Ill., 667, 671; 8 Indiana, 392; 10 ib., 47; 6 B. Mon., 601; 10 Mo., 123, 129-30; 35 ib., 193; 10 Gill & John., 346, 356; 1 Md. Ch., 107, 110, 111; 2 Doug. (6 Mich.), 124, 125, 140; 46 Barb. (N. Y.), 361, 4, 5; 16 S. & R., 145; 7 Gran. (Va.), 352; 17 Miss. (9 S. & M.), 432; 31 ib., 355; 32 Ga., 273, 291; 15 N. H., 167; 10 ib., 375; 5 Duer (N. Y.), 676; 16 Ala., 372-4-5; 20 Conn., 556; 6 Geo., 131.

Equity can not declare a forfeiture. 32 Ill., 80; 2 John., Ch., 371; 5 ib., 366; 1 N. J. Ch., 186, 369, 377-8, 384-5; 13 N. J., 47, 57-8; Freeman's Ch. (Miss.), 161, 173; 1 Ed. Ch. (N. Y.), 84-8-9; 8 Humph. (Te.), 252; 44 Barb. (N. Y.), 239; Hop. Ch. (N. Y.), 354.

Any defect cured by grant of lands from state. M., O. & Railroad Company v V., 20 Ark.; 15 N. H., 168,

Complainants, stockholders, estopped. Red. Am. R. R. Cases, p. 69; 69 Mo., 256. They utterly abandoned all efforts, and transferred, so far as they could, all their rights and powers to defendant, and stood by and encouraged it to spend money.

HARRISON, J. This was a suit in equity by the Little Rock and Napoleon Railroad company against the Little Rock, Mississippi River and Texas railway, and Jared E. Redfield —the president—and Dudley E. Jones, Sol. F. Clark, S. L. Griffith, C. F. Penzel, Elisha Atkins, John H. Reed and E. Winchester—the directors thereof, to enjoin the said Little Rock, Mississippi River and Texas railway from extending and building its railroad between the city of Little Rock and the city of Pine Bluff.

The complaint, which was filed on the ninth day of February, 1880, alleged, in substance: that the plaintiff was incorporated by an act of the general assembly, entitled "an act to incorporate the Little Rock and Napoleon Rail-

road company," approved January 12, 1853, and granted.
the right and franchise to build and operate a railroad from
the city of Little Rock to the town of Napoleon; and that,
in the exercise of said right and franchise, it at an expendi-
ture of $150,000 surveyed and located the road, and cleared
and graded part of the track between Napoleon and Pine
Bluff and laid ties along the same.

That certain named persons afterwards, on the twenty-
fourth day of November, 1868, under the provisions of the
act of July 23, 1868, entitled " an act to provide for a gen-
eral system of railroad incorporations," which, however, it
denied to have been constitutionally passed by the general
assembly or to have become a law, associated themselves
together as a corporation by the name of the Little Rock,
Pine Bluff and New Orleans Railroad company, for the pur-
pose of building a railroad from Little Rock to Pine Bluff,
and from Pine Bluff in a southeasterly direction to a point
on the south boundary of the state, with a branch from
Pine Bluff to a point on the Mississippi river near Napo-
leon—and the said company proceeded to build and put in
operation the said branch from Pine Bluff to the Missis-
sippi river—but that it never made any location or survey
of the line between Pine Bluff and Little Rock, or any
part of its main line.

That the said branch road was built by said company on
the located and established line of the plaintiff between
Pine Bluff and Napoleon, which said company took pos-
session of without the consent of the plaintiff, and the
work already done upon it was used and appropriated in
its construction.

That said company issued and negotiated its bonds, and
secured the same by a mortgage on its road, property and
franchises ; and default having been made in the payment
of the interest, Charles Main and other holders of its bonds,

instituted suit against it in the circuit court of the United States for the eastern district of Arkansas, for foreclosure of the mortgage, and a decree of foreclosure and sale was rendered therein; and afterwards on the tenth day of December, 1875, all its property, including its road-bed, line and franchises were sold under the decree; and that the purchasers thereof, and their associates, under the provisions of the act of December 9, 1874, entitled "an act supplementary to an act entitled 'an act to provide for a general system of railroad incorporation,' approved July 23, 1868" (and which also it denied to have been constitutionally passed by the general assembly, or to have become a law), organized themselves as a corporation, by the name of the Little Rock, Mississippi River and Texas railway, with James E. Redfield as president, and D. E. Jones, S. F. Clark, S. L. Griffith, C. F. Penzel, Elisha Atkins, John H. Reed and E. Winchester as directors, and caused to be filed in the office of the secretary of state, the certificate of such organization required by said act. But that the said purchasers and their associates did not so organize themselves as a corporation within one year after the sale, and they did not file the certificate within six months after their attempted organization; and that they never did in fact become a corporation.

That the said Little Rock, Pine Bluff and New Orleans Railroad company did not, as required by the act of July 23, 1868, within two years after the filing of its articles of association in the office of the secretary of state, file therein a preliminary survey of its road, and an affidavit of three of its directors that five per cent. of the stock subscribed had been actually and in good faith paid to the directors, or either—and which five per cent. of the stock subscribed was never paid; and that it did not within five years after its incorporation expend in the construction of the road

ten per cent. of its capital stock; and other failures to comply with the provisions of the act were stated—whereby it was charged that it had forfeited its franchises, and had at the time of the decree and sale no corporate existence; and no franchise whatever passed to the purchasers or to them and their associates.

That the said purchasers and their associates, for the reasons mentioned, were not a corporation, but that claiming to be a corporation by the said name of the Little Rock, Mississippi River and Texas railway, and to have the right and franchise to build and operate a railroad from Little Rock to Pine Bluff, and from Pine Bluff to a point on the Mississippi river near Napoleon, were then locating and building, as a part of their line, a railroad between Little Rock and Pine Bluff, upon or parallel to, and within a distance of ten miles of the line located and adopted by the plaintiff.

That the plaintiff was ready and able, and it was its intention to immediately build and put in operation, its road between Little Rock and Pine Bluff; but if the said persons or the said Little Rock, Mississippi River and Texas railway, if it be a corporation, build their or its road, it would by its interference with the trade and business of the plaintiff's road when completed, cause great and irreparable damage and injury to the plaintiff, and as a continuing wrong give rise to a multiplicity of suits. And that the said Little Rock, Mississippi River and Texas railway was insolvent and unable to pay any damages that might be recovered against it.

The answer of the Little Rock, Mississippi River and Texas railway admitted that the plaintiff located that portion of its road between Napoleon and Pine Bluff, and in the years 1856 and 1857 cleared and graded, at intervals, a small part of the track and placed ties along the same;

but denied that it located or established any part of the line between Pine Bluff and Little Rock, or that it expended in the work anything like the sum of $150,000.

It alleged that there had been no election of officers or meeting of the stockholders of the company since 1857, and since that year no calls on subscriptions to stock had been made, and no efforts made to collect previous calls, and it had since then given up all attempts to build the road and abandoned its franchises; and in the month of July, 1869, M. L. Bell, R. V. McCracken and Samuel Butler, the last elected president, secretary and treasurer of the company, by an instrument of writing, in their respective capacities, so far as they might or could, sold and transferred to the Little Rock, Pine Bluff and New Orleans Railroad company, whatever interest the company had in the work done and in the line of road, and turned over and delivered to it, all its books, records and papers; and said Little Rock, Pine Bluff and New Orleans Railroad company took possession of such part of the abandoned line and work as answered its purpose, and proceeded to build and put in operation, as a part of its main line from Little Rock to the south boundary of the state, the road from Pine Bluff to Eunice on the Mississippi river, a distance of seventy miles, which ran, a part of the way, on the plaintiff's abandoned line.

That the Little Rock, Pine Bluff and New Orleans Railroad company afterwards became consolidated with the Mississippi, Ouachita and Red River Railroad company, under the name of the Texas, Mississippi River and Northwestern Railroad company, and the last mentioned company thereafter operated the road until the sale under the decree.

That the sale under the decree was confirmed by the court, and the purchasers thereat and their associates afterwards on the eighteenth day of December, 1875, organized

themselves as a corporation under the provisions of the act of December 9, 1874, by the name of the Little Rock, Mississippi River and Texas railway, which became entitled to and vested with all the corporate rights and franchises that had belonged to the Little Rock, Pine Bluff and New Orleans Railroad company, or was derived from it by the Texas, Mississippi River and Northwestern Railroad company, under the consolidation.

That after the organization of the defendant corporation, it was found impracticable to maintain and operate part of the road from Pine Bluff to Eunice, and the defendant, as permitted and authorized by the act of March 3, 1877, entitled " an act authorizing the change or abandonment of location by railroad corporations," abandoned about fifty miles of its line as then constructed, or from Varner's station, twenty-five miles southeasterly from Pine Bluff, to Eunice, and at great expense built about fifty miles of new road, on another line—not running near Napoleon—from Varner's station to Arkansas City on the Mississippi river below Eunice.

That by an act of the general assembly, approved March 15, 1879, entitled " an act to donate certain lands of the state to the Little Rock, Mississippi River and Texas railway," the state granted to it certain lands in aid of the construction of its road, and as one of the conditions of the grant required it to begin work on the line between Little Rock and Pine Bluff within twelve months from the passage of the act and to finish the same within two years; and that it had surveyed and located the line between the two places and bought the necessary rails and fastenings, and contracted for the grading and ties therefor, and before the expiration of twelve months after the passage of the act, began, and was then proceeding with the work of construction as rapidly as circumstances permitted.

That the possession taken by the Little Rock, Pine Bluff and New Orleans Railroad company of the part of the plaintiff's abandoned line, was open and notorious, and the same, except so much as the defendant had voluntarily abandoned, had been ever since, until the commencement of the suit, held peaceably and adversely, successively, by the Little Rock, Pine Bluff and New Orleans Railroad company, the Texas, Mississippi River and Northwestern Railroad company and the said defendant; and that the plaintiff was estopped from asserting against the said defendant a right of franchise to build a railroad between Little Rock and Pine Bluff.

And it further alleged that there was still no regular or valid organization of the plaintiff company; but that certain of the former stockholders, and other persons, falsely claiming to be stockholders, in order to annoy and harass the defendent and embarrass it in the construction of the road, and thereby extort money from it, had recently combined together, and pretended to elect a board of directors and to appoint a president and other officers, and to reorganize the company.

And that having since 1857 abandoned all efforts to build its road, and since then had no organization as a corporation at the adoption of the present constitution, it was by section 1, of Article XII, thereof, deprived of its charter and franchises.

It denied that the Little Rock, Pine Bluff and New Orleans Railroad company failed to file in the office of the secretary of state, within two years after the filing of its articles of association, a preliminary survey of its road, or an affidavit of three of its directors that five per cent. of the stock subscribed had actually and in good faith been paid to the directors; and each and all other matters whereby it was alleged in the complaint that it forfeited

or was deprived of its franchises, and ceased to be a corporation. And also denied that the organization of the defendant was not within one year after the sale under the decree, or that the certificate thereof was not filed within six months after the organization took place.

It also filed a cross-complaint, which, in addition to the averments in the answer we have already stated, alleged, that the plaintiff, if still a corporation, not having surveyed and located its road between Little Rock and Pine Bluff, it, the defendant, has now the sole and exclusive right under the provisions of the act of July 23, 1868, to build a railroad between said places within the distance of ten miles of its line; that it was building one of the public highways of the state, to aid in the construction of which, the state had granted to it many thousand acres of land, upon the condition that the road between Little Rock and Pine Bluff should be completed on or before the fifteenth day of March, 1881; that if it should suspend work upon it, the public would be subjected to great inconvenience and loss, and it, the defendant, would be liable to a multiplicity of suits for damages, and would otherwise suffer irreparable loss and injury; that the plaintiff was insolvent: and if damages were recovered against it, they could not be collected, and that the filing of the complaint cast a cloud upon its right and authority to build the road and greatly impaired the value of its securities.

And it prayed that the plaintiff should be enjoined from prosecuting any suit against it calling in question its right to build and operate the road between Little Rock and Pine Bluff, or for maintaining and operating the road between Pine Bluff and Arkansas City, and from itself building a road between Little Rock and Pine Bluff within ten miles of the defendant's road.

The plaintiff answered the cross-complaint. It denied

as in its complaint, that the Little Rock, Pine Bluff and New Orleans Railroad company ever became or was a corporation, and also denied that the defendant ever became or was a corporation, alleging that the purchasers at the sale and their associates were not citizens or residents of the state, but that to simulate a compliance with the act of December 9, 1874, which requires a majority of the directors of the corporation formed under it to be citizens and residents of the state, one share of stock was by them transferred without consideration and without their knowledge, respectively to Dudley E. Jones, Sol. F. Clark, S. L. Griffith and C. F. Penzel, citizens and residents of the state, to qualify them to become directors; and so, though not citizens and residents themselves of the state, in fraud of the law, to organize themselves as a corporation.

The other defendants made no defense to the action.

The court upon the hearing dismissed the complaint for want of equity, and rendered a decree in favor of the defendant company upon the cross-complaint, enjoining the plaintiff from interfering with or obstructing it in the construction or in the operating of its road, and from bringing any suit for the possession thereof; but did not enjoin it from building a road of its own under its charter.

The plaintiff appealed.

The act of January 12, 1853, to incorporate the Little Rock and Napoleon Railroad company, is a public act of which we will take notice, and by it the plaintiff *ipso facto et eo instanti* was created a corporation, as held in *Hammett v. Little Rock and Napoleon Railroad Company, 20 Ark., 204,* the act declaring that "regular organization of the company shall be presumed and considered as proved in all courts of justice." And it appears by the pleadings and the evidence, that it had, long before the adoption of the present constitution commenced in good faith the construc-

tion of its road. Section 1 of Article XII of the constitution, by which the charters of corporations, of which there had been no *bona fide* organization, and which had not in good faith commenced business, were revoked, has, therefore, no application to it.

The appellant does not claim that its charter has conferred on it an exclusive right to build a railroad between Little Rock and Pine Bluff, or that the state might not have granted a like franchise to its own to another company ; but that until such grant is made, it has the sole right, and the building of another and competing road, by an unincorporated company to which the state has not granted the privilege, by which its gains and profits will be continually affected and impaired, will so interfere with the appellant's use and enjoyment of its property as to be a nuisance.

As an abstract proposition, this, we think, may not be questioned, but we do not deem it necessary to inquire whether the appellee company be a corporation, or have such a franchise, or not; nor, therefore, whether the acts of July 23, 1868, and of December 9, 1874, under which the appellee company claims corporate powers and franchises, were constitutionally passed, and are valid and subsisting laws.

The appellant appears to have done no work on its road since 1857, and since 1861 (if not since 1857, as to which the proof is not clear,) there had been no election of officers or meeting of the stockholders, and from that time until the reorganization of the company, in December, 1879, just before the commencement of the suit, it had no organization, and it seems from the evidence, long before the attempted transfer of the line and work done on it by its former president, secretary and treasurer, in 1869, to the Little Rock, Pine Bluff and New Orleans Railroad com-

686     SUPREME COURT OF ARKANSAS,

L. R. and Napoleon R. R. Co. v. L. R., Miss. River and Texas R. R. Co.

pany, the stockholders had abandoned all expectation or purpose of building the road. Many of them had become insolvent and gone into bankruptcy, and many of them were dead, and no probability existed of the company ever building the road, and some of the stockholders expressly consented to and approved the action of the former officers in transferring, or attempting to transfer, the line and road-bed to said company, and in turning over to it the books, records and papers, and none made any objection thereto, or to said company building its road from Pine Bluff to Eunice, upon the line.

And, as shown by the pleadings and evidence, the appellee company had been, when the suit was commenced, since the eighteenth day of December, 1875, claiming to be and acting as a corporation, and had been recognized as such by the act of March 15, 1879; and been in the possession of and operating the road built on said line by said company from Pine Bluff to Eunice, except that portion between Varner's station and Eunice, which it had subsequently abandoned, and had in the meantime built some fifty miles of new road from Varner's station to Arkansas City.

And from the time the Little Rock, Pine Bluff and New Orleans Railroad company took possession of the line, in 1869, until the reorganization of the appellant company, in December, 1879, it stood by, and saw, without remonstrance or objection by it, or any of its stockholders, the Little Rock, Pine Bluff and New Orleans Railroad company build the road from Pine Bluff to Eunice, and the appellee company, after it became the owner of it by the purchase at the foreclosure sale, at great cost and expense, build fifty miles of new road from Varner's station to Arkansas City; and not until after the road from Pine Bluff to the Mississippi river had been built and in operation, and the appel-

lee company was about to build from Pine Bluff to Little Rock, did the appellant assert a claim to or indicate an intention to build that part of the line.

There is no satisfactory proof that the line between Little Rock and Pine Bluff was ever established.

It is evident that the building of that part of the road from Pine Bluff to the Mississippi river, has greatly increased the necessity for, and importance of, that between Little Rock and Pine Bluff. . . .

We are clearly of the opinion, whether the appellee company has a grant from the state of the franchise to build the road or not, the appellant is estopped from questioning its authority.

Gross injustice would be done the appellee company if it should now be enjoined from the completion of its road, and if an injury results to the appellant, it has been induced by its own conduct. "A corporation," says Justice CAMPBELL, in the case of *Zabriskie v. Cleveland, Columbus and Cincinnati Railway, 23 How., 381,* "quite as much as an individual, is held to a careful adherence to truth in their dealings with mankind, and can not, by their representations or silence, involve others in onerous engagements, and then defeat the calculations and claims their own conduct has superinduced."

And Sir SAMUEL ROMILLY remarked, in the case of the *Rochdale Canal Company v. King, 16 Beav, 630,* that "if one stand by and encourage another, though but passively, to lay out money, under an erroneous opinion of title, or under the obvious expectation that no obstacle will afterwards be interposed in the way of his enjoyment, the court will not permit any subsequent interference with it by him who formerly promoted and encouraged those acts of which he now either complains or seeks to obtain the advantage."

After for so many years passively encouraging other companies to expend their money and means in the construction of the road, it is too late now for the appellant to claim that it, only, has a franchise to build it. *Hitchen v. The St. Louis, Kansas City and Northern Railway Co., 69 Mo., 224; Erie R. Co. v. Del., Lack. & Western, and Morris & Essex R. Cos., 21 N. J. Eq., 283; Morris & Essex Railroad Company v. Prudden, 20 N. J. Eq., 530; Goodin v. Cincinnati & White Water Canal Co., 18 Ohio St., 169; Davenport Central Railway Co. v. Davenport Gas Light Co., 43 Iowa, 301.* The case of *The Erie R. Co. v. Del., Lack. & Western,* and *Morris & Essex R. Cos., supra,* is very analogous to this. In that case, the chief justice, in delivering the opinion of the court, said: "The case is this: The complainants claim the exclusive right to a railroad between the cities of Paterson and Hoboken; they stood by and saw the defendants build, within sight of their own road, a rival parallel road this whole distance, at a cost of many millions of dollars; they expressed no dissent, and gave no warning; and, finally, they sold, for a large sum of money, a part of their own land to help the construction of this road, which, it is now claimed, has no rightful basis whatever. In my estimation, these facts are amply sufficient to debar the complainants from ever calling in question the lawfulness of this structure which has been erected, not only through the passiveness of the complainants, but by their active assistance."

Courts of equity ever discountenance laches and neglect, and nothing will put their powers in action but conscience, good faith, and reasonable diligence, neither of which was shown in the appellant's case.

The appellee company was clearly entitled to the injunction granted by the decree.

The decree is affirmed.