HAHN & CARTER *v.* GOULD SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered June 29, 1914.

1.  DRAINAGE DISTRICTS—DITCHES UNDER RAILROAD TRACK—DUTY TO BUILD CROSSING.—Under Act 279, Acts 1909, the general drainage act, it is the duty of a railroad company to build, at its own expense, the crossing over a ditch, carried under or through its track. (Page 539.)

2.  DRAINAGE DISTRICTS—"BRIDGE" DEFINED.—The term "bridge," as used in section 28, Act 279, Acts 1909, means "build a crossing over." (Page 540.)

3.  DRAINAGE DISTRICTS—CONSTRUCTION OF CROSSING—PAYMENT—RECOVERY OF VOLUNTARY PAYMENT.—Appellants were constructing a drainage ditch, which passed under appellee's roadbed. In order to expedite the work, appellants paid appellee the cost of building the crossing over the ditch; *held*, the appellee railroad company being required to construct the crossing at its own expense, and appellants' payment to it, not being voluntary, appellants were entitled to recover the same from appellee. (Page 541.)

Appeal from Lincoln Circuit Court; *Antonio B. Grace,* Judge; reversed.

STATEMENT BY THE COURT.

Appellants, plaintiffs below, instituted this suit against the appellee, defendant, alleging that they had a contract for digging a ditch with the Kirsh Lake Drainage District; that "it became necessary to carry one of the drainage ditches through the track of the defendant, and the directors of the district and the plaintiffs called upon the defendant to permit the ditch to be constructed through its track, the same to be bridged at the expense of the defendant, as provided in section 28 of the act, approved May 22, 1909. That the defendant wrongfully refused to allow the plaintiffs or the said district to cut the ditch through its track, except upon the payment of the sum of $150; that the ditch had, at the time, been

constructed up to the said track, and it would have cost the district and said plaintiffs much more than said sum to have delayed the work until the rights of the parties could be adjudicated in the courts, and, therefore, the plaintiffs paid the sum under protest and under the following agreement:

"This agreement made and entered into by and between Hahn & Carter, parties of the first part, and the Gould Southwestern Railway Company, parties of the second part:

"*Whereas,* Hahn & Carter have made contract with the Kirsh Lake Drainage District for the doing of the construction work in that district, and in the prosecution of said work it is necessary that the present crossing of the Gould Southwestern Railway Company, near the station of Gould, section 35, township 38, range 5, Lincoln County, Arkansas, be removed and a new crossing put in that corresponds with the improvements in said drainage district; and,

"*Whereas,* The second party claims that it is not properly chargeable with said expense and that it must be borne by either the said drainage district or the first party, but that if the first party will pay the expense of removing the present crossing and putting in the new one, the work will be done by the second party; and,

"*Whereas,* The first party claims that the said expense of installing the new crossing should be borne by the second party;

"*Now Therefore,* To save time in the construction of said crossing, it is agreed that the first party shall deposit with the second party the expense of installing the new crossing, amounting to $150, but that said payment is not an admission that said charge should not be borne by the second party, and that the first party shall have the right to sue for said payment, as having been made under protest and by compulsion of the circumstances. And, if the court shall decide that the said expense should have been borne by the second party, then the first party

shall be entitled to judgment against the second party for said payment, amounting to $150.''

(Here signature of parties.)

Plaintiffs say that said demand of the defendant was exorbitant, unlawful, and that said sum was paid under compulsion and that it has been received by the defendant to the use of the plaintiffs; and the plaintiffs therefore pray judgment for the amount thereof, with interest and costs.

The appellee demurred to the complaint. Its demurrer was sustained, and from a judgment dismissing their complaint appellants have duly prosecuted this appeal.

*Rose, Hemingway, Cantrell & Loughborough* and *A. H. Rowell,* for appellant.

It is the duty of railroads to construct and keep in repair all crossings of public roads, and the appellee is liable. Acts 1909, p. 850; 75 Ark. 532; 166 U. S. 226; 202 *Id.* 562. See also *C. M. & St. P. Ry. Co.* v. *City of Minneapolis,* ms. op. U. S. Sup. Ct., April 1, 1914.

*E. W. Brockman, E. B. Kinsworthy, T. D. Crawford* and *W. T. Wooldridge,* for appellee.

The railroad company is not liable, and the demurrer was properly sustained. Statutes should be so construed as to render them constitutional. 66 Ark. 466. The taking of a portion of a railroad track for public use without compensation is unconstitutional. 166 U. S. 241; 200 *Id.* 561; 15 Cyc. 696; 16 N. Dak. 313; 76 Neb. 396; 75 Ark. 534; *Ib.* 530.

WOOD, J., (after stating the facts). The question is, Was appellee liable to appellant for the expense of installing a new crossing for appellee's railroad over the ditch which appellant was under contract to construct?

Section 28 of the General Drainage Act of 1909, Act 279, under the authority of which the drainage district and appellant entered into the contract for digging the ditch, provides in part as follows:

"Such ditches shall also be carried under or through any railroad track or tramway, and the owner thereof shall have no claim for damages on that account, but shall bridge such ditch at its own expense."

The term "bridge," as used in the clause of the act quoted, means "build a crossing over." Under the express terms of the act, therefore, the appellee had to build the crossing over the ditch "at its own expense."

The question is not presented here as to whether or not the drainage district or appellants could acquire the right-of-way for the ditch under appellee's railroad without compensation for such right-of-way, and we do not decide that question.

As already stated, the only question presented by this record is whether or not appellee is liable for the expense of installing the new crossing that became necessary in constructing the ditch under its track.

The allegations of the complaint and the contract set forth therein, upon which appellants base their cause of action, show clearly that the question as to whether or not appellee is entitled to compensation for the right-of-way of the ditch under its track or roadbed is not involved.

Section 6681 of Kirby's Digest provides that where any public road or highway shall cross any railroad, such railroad shall construct the crossing. And Judge RIDDICK, speaking for the court in construing this statute in *Southwestern Railway Company* v. *Royall*, 75 Ark. 532, said:

"We think it may well be inferred from the language of this statute that no compensation was intended to be paid the company, either for constructing the crossing or for keeping it in repair.

"When a highway is established across a railroad track in this State, it becomes its duty under this statute to construct the crossings and keep them in repair. This is a police regulation, and similar provisions are found in the statutes of other States. As nothing is said in the act about compensating the company for this burden,

which the law places upon it, we think none can be implied. It seems plain to us that none was intended, for it is not usual to allow compensation for the expense of obeying a police regulation. * * *

"For this reason we are of the opinion that the circuit court correctly held that the company was entitled to no compensation for constructing the crossing and keeping it in repair." See also *Chicago, Burlington & Quincy Railroad Co.* v. *Chicago,* 166 U. S. 226; *Chicago, Burlington & Quincy Railway Co.* v. *Drainage Commissioners,* 200 U. S. 562.

In the recent case of *Chicago, Milwaukee & St. Paul Railway Co.* v. *City of Minneapolis,* it is held:

"The expense of constructing and maintaining the necessary railway bridge over the gap in a railway right-of-way, made by the municipal construction across it of a canal or waterway, with footpaths on each side connecting two lakes, used for public recreation, may be cast upon the railroad company, without denying it the due process of law guaranteed by the Federal Constitution." See 232 U. S. 430.

The statute in regard to railway companies being required to construct crossings over roads or highways, construed in *Railway* v. *Royall, supra,* is precisely similar to the clause of the act under consideration. The principles announced in the above case are controlling here, and it follows that, under the law and the contract between the appellants and appellee, as set up in the complaint, the appellee is liable to appellants in the sum of $150. Under the contract, the payment of this sum by the appellants was not voluntary, and appellants are, therefore, entitled to have judgment for the same against appellee.

The court, therefore, erred in sustaining appellee's demurrer to appellants' complaint and dismissing the same.

The judgment is therefore reversed, and judgment will be entered here in favor of the appellants against appellee for the sum of $150.