ROAD IMPROVEMENT DISTRICT No. 7 v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

Opinion delivered December 13, 1926.

1. RAILROADS—NOTICE TO CONSTRUCT HIGHWAY CROSSING.—Under Road Acts 1919, No. 292, § 24, imposing upon any railroad running through a road improvement district the duty to construct highway crossings, *held* that no notice to a railroad company to construct such crossings was necessary where plans for the crossings had been prepared and filed with the county clerk, of which the railroad was required to take notice.

2. RAILROADS—CONSTRUCTION OF HIGHWAY CROSSINGS.—Where Road Acts 1919, No. 292, creating a road improvement district, imposed upon the railroad company the duty of constructing highway crossings, and it failed to discharge such duty, the improvement district, in constructing such crossings, was not a volunteer, and was entitled to recover the cost thereof from the railroad company.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; reversed.

*Otis Gilleylen,* for appellant.

*King, Mahaffey & Wheeler,* for appellee.

SMITH, J. Appellant, Road Improvement District No. 7 of Little River County, filed a complaint in the circuit court of that county which contained the following allegations:

Plaintiff is a corporation created by special act No. 292, passed at the 1919 session of the General Assembly (Acts of 1919, page 1205), for the purpose of constructing and improving certain roads within the boundaries of the road district. The defendant, St. Louis-San Francisco Railway Company, operates a line of railroad through said district. In the construction and improvement of the roads in the district, it became necessary to construct the improved highway across the tracks of the railway in four places, which were named. The plans and specifications for the proposed improvement which the commissioners of the district were required to have prepared, included plans and specifications for the construction of the road crossings, and these plans and specifications were duly filed with the clerk of the county court as required by said act 292. Section 24 of act 292 imposed upon any railroad running through the district the duty to construct crossings for the highway over its tracks, and provides that such crossings shall be of the same material and shall be constructed in the same manner as the highway crossing the tracks.

The complaint further alleged: "That on the.......... day of ................, 1920, the plaintiff notified defendant, orally, through its section foreman, J. A. Howard, and F. F. Stroud, its station agent at Foreman, of its duty to construct said road across its tracks at the aforesaid crossings, and requested it to make, build and construct said crossings according to the plans and specifications for the construction of said highway on either side of its said track, including the plans and specifications for the crossing on said track. That said defendant then undertook

to construct said crossings according to said plans and specifications; that, in furtherance of its said undertaking, it placed the gravel on the aforesaid crossing number one. That thereafter it failed, neglected and refused to complete the making and crossing of its track at crossing number one, and failed, neglected and refused to make, build or construct crossings numbers two, three and four, or any part thereof.''

That, by reason of defendant's failure, neglect and refusal to construct the crossings, it became necessary for the road district to construct said crossings at it own expense, an itemized statement of which was given, aggregating $1,929.36.

The complaint further alleged that, in order to expedite the work of building the roads, it was necessary that the crossings be constructed without delay, and that to have delayed the construction thereof would have worked a great financial loss and irreparable injury to the district, for which it had no adequate remedy, and that, after the wrongful and unlawful failure and refusal of the railroad company to construct said crossings, the same were made by the district and paid for by it, the payment being made under compulsion of the circumstances.

Demand for payment of the cost of the construction was alleged, and the refusal of payment by the railroad company, whereupon the district prayed judgment for the cost to it of the crossings.

A demurrer was filed by the railway company, which was sustained by the court, and, the district standing on its complaint, the same was dismissed as being without equity.

Section 24 of act 292 provides that ''whenever any of said highways shall cross the track of any railroad or tramroad, the company owning such track shall make such crossing of the same material and in the same manner as the highway on either side thereof, and shall bear the cost of such crossing and of its maintenance.''

Under this statute it was, and is, the duty of the railway company to construct and maintain these crossings. The validity of the statute and the binding effect of the section quoted is not questioned. If it were, the cases of *Hahn & Carter* v. *Gould S. W. Ry. Co.*, 113 Ark. 537, 168 S. W. 1064, and *St. Louis S. W. Ry. Co.* v. *Royall*, 75 Ark. 530, 88 S. W. 555, fully sustain the statute.

It is insisted, however, that the demurrer was properly sustained because the district was a mere volunteer in the construction of the crossings, and cannot recover on that account. It is argued that the district was a mere volunteer because it gave no valid or sufficient notice to the railway company to discharge this duty, and it is said that this notice should have been given, and, upon failure to comply therewith, the railway company could and should have been compelled by mandamus to construct the crossings. We think that no notice to the railway company was necessary to make the duty to construct the crossings binding upon it. This duty was imposed by a statute of the State, of which the railway company must take notice. *Little Rock & N. R. R. Co.* v. *Little Rock, Miss. R. & T. R. Co.*, 36 Ark. 663, 677; *Bevens* v. *Baxter,* 23 Ark. 387; *Carroll County* v. *Reeves Construction Co.,* 154 Ark. 434, 242 S. W. 821.

The complaint alleges, and the demurrer admits, that the plans for the crossings had been prepared and filed with the clerk of the county court of the county in which the district was situated, pursuant to the requirements of the statute. The railway company, like all other owners of property in the district, was therefore charged with notice of these plans, and no additional notice was necessary to make the requirements of the statute binding on the railway company.

The complaint alleges that the railway company had knowledge that the work, pursuant to the plans, had so far proceeded that the installation of the crossings had become necessary in the orderly execution of the plans of the district, and it thereafter failed to discharge the duty imposed on it by the statute to construct the crossings.

This being true, the district was not a volunteer in constructing the crossings. It was compelled to do so under compulsion of the circumstances, as was said in the case of *Hahn & Carter* v. *Gould S. W. Ry. Co., supra.*

If it be conceded, as is insisted by appellee, that the road district might, by mandamus, have required the railway company to construct the crossings, it does not follow that the road district was limited to that remedy. The complaint alleges that delay in the construction of the crossings would have delayed other construction work and have entailed great and irreparable loss to the district, and the district was therefore compelled, by compulsion of the circumstances, to discharge a duty which the law imposed upon the railway company.

In 6 R. C. L., page 588, chapter on Contracts, subtitle Quasi Contract, or Contract Implied by Law, it is said: " * * * Certain legal duties, though of a contractual nature, are not based on consent. These, as has already been stated, are sometimes spoken of as contracts implied in law, but are more properly called *quasi* contracts, or constructive contracts. They are contracts in the sense that they are remediable by the contractual remedy of assumpsit. In the case of such contracts, the promise is purely fictitious, and is implied, as has already been suggested, in order to fit the actual cause of action to the remedy. The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention. The intention of the parties in such case is entirely disregarded, while, in cases of express contracts and contracts implied in fact, the intention is of the essence of the transaction. As has been well said, in the case of consensual contracts the agreement defines the duty, while in the case of *quasi* contracts the duty defines the contract. The duty which thus forms the foundation of a *quasi* contractual obligation is frequently based on the doctrine of unjust enrichment."

Here, under the allegations of the complaint, the road district has performed a work essential to its own exist-

ence and the performance of its functions, and this was a work which the railway company was required by law to perform, but failed and refused to do. The road district was therefore not a volunteer, and the demurrer to the complaint should have been overruled.

The judgment of the court below is therefore reversed, and the cause will be remanded, with directions to overrule the demurrer.