No. 14,232.

RIGNEY, TRUSTEE, v. FISCHER.

MANDAMUS.—*Drainage Commissioner.—Power to Construct Bridge Over Ditch at Highway Crossing.—Township.—Assessment Against.*—A drainage commissioner appointed under the act of 1885 (Acts of 1885, p. 129) has no power, by virtue of that or any other act, to build a bridge over a drain constructed by him across a public highway and pay for it out of the fund resulting from assessments against the township and landowners benefited by the ditch, and hence mandamus to compel its construction by such commissioner will not lie.

From the Vigo Superior Court.

*T. W. Harper, T. A. Foley, P. Foley* and *L. D. Leveque,* for appellant.

*W. W. Rumsey,* for appellee.

ZOLLARS, J.—By a proper proceeding under the drainage act of 1885, Acts of 1885, p. 129, the superior court of Vigo county established a drain in Honey Creek township of that county. The drain was constructed by appellee, one of the drainage commissioners, to whom the work was assigned by the court. As established and constructed, the drain crosses a highway in the township, at which crossing it is twenty-five feet wide at the top, twelve feet at the bottom, and three and three-quarters feet deep. A bridge over the drain is necessary to a proper use of the highway, and its erection will cost $500. The township was assessed $1,095. Whether the amount thus assessed against the township was for benefits to this highway, or whether for benefits to it and other highways in the township, is not stated. No objection, however, is made to the assessment.

The amount of assessments now in the hands of appellee as the drainage commissioner who constructed the drain, and the assessments yet collectible, is $1,500.

Stating the above facts in his complaint, appellant, as the township trustee, asks for a writ of mandamus to compel

appellee to build a bridge over the drain where it crosses the highway. A demurrer was sustained to the complaint below, and for a reversal of that ruling appellant prosecutes this appeal.

Conceding that the act of 1885, *supra*, does not expressly require a drainage commissioner constructing a drain to build bridges on highways crossed by it, appellant's counsel contend that the building of such bridges is a duty of such drainage commissioner, resulting from "his office, trust or station."

Neither the act of 1885, *supra*, nor any other statute, makes it the duty of appellee, as the drainage commissioner, under the circumstances of this case, to build bridges upon public highways crossed by drains constructed by him, nor does that duty result from his office. It was his duty to construct the drain as ordered by the court, but we know of no authority which he has to construct the bridge over the drain. He has no fund which he can use for that purpose. Assessments were made upon lands benefited by the drain for the purpose of raising a fund with which to construct it, and the statute expressly provides how that fund shall be applied and expended. The law provides for the construction of bridges upon public highways by funds raised by taxation upon all the taxpayers of the municipality, and not by assessments against a few. Appellee, as the drainage commissioner, has no fund except that obtained by an assessment upon a limited number, and assessed for the specific purpose of constructing the drain.

The bridge is not shown to be or to have been regarded by the drainage commissioners or by the court as a necessary part of the drain. To compel appellee, as the drainage commissioner, to use the assessments made for the purpose of constructing the drain in the erection of the bridge over the drain would not only turn those assessments from the purpose for which they were made, but would also impose

upon a few land-owners a burden which the law contemplates shall be borne by the taxpayers at large.

For aught that is shown, the commissioners, in making the assessment against appellant, as township trustee, for benefits to highways, may have considered the fact that a bridge would be rendered necessary by the construction of the drain, and for that reason made the assessment less than it otherwise would have been. On the other hand, the drain may be a damage to the highway. However that may be, the drainage commissioner has no authority to compensate for such damage by constructing a bridge. A drain may cut through a private way and render a bridge necessary, but the drainage commissioner has no authority to build the bridge.

Without further extending this opinion, our conclusion is, that appellee, as the drainage commissioner, has no authority to determine the necessity for the bridge, nor the sort of bridge, if one is necessary, that should be built, and has no fund that he can use in the erection of the bridge; in short, that he has no authority to erect the bridge. Those questions must now be settled, and the bridge be built, if built at all, by some person or body authorized to do so by the statutes.

Whether or not, in any case, a bridge may be determined upon in advance as a necessary part of a drain, and in pursuance of that determination be constructed by the drainage commissioner in charge of the work, under the direction of the court, is a question which we need not, and do not here, decide.

Judgment affirmed, with costs.

Filed Feb. 15, 1888.