BOARD OF DIRECTORS OF ROSS DRAINAGE DISTRICT *v.* STATE.

Opinion delivered January 17, 1921.

1. DRAINS—EXEMPTIONS AND LIABILITIES.—The exemptions and liabilities embodied in the general law relating to the establishment of drainage systems can not attach to a district established by special act.

2. DRAINS—LIABILITY OF SPECIAL DISTRICT TO CONSTRUCT BRIDGES.—Inasmuch as a drainage district, being a *quasi*-public corporation, is subject to such liabilities only as the statute creating it prescribes, the Ross Drainage District, created by Acts 1917, No. 92, as

amended by Special Acts 1919, No. 3, was not required to construct bridges where highways cross the ditches; no such liability being imposed on it by the statute.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; reversed.

*J. E. Callaway,* for appellant.

Under the statutes of this State we have two methods or systems of drainage procedure. Each system authorizes the assessment of public and corporate roads and railroads. Appellant is operating under neither of these systems, but is a body corporate under special act 92, 1917, which does not authorize the assessment of public roads or highways. Where a statute does not require a drainage district to construct bridges at its own expense, the district is under no legal duty to construct them. 190 Ill. 549; 60 N. E. 898; 15 N. E. 594; 97 Kan. 302. A drainage district has only such powers and liabilities as are prescribed by statute. 110 Ark. 416. The special act does not authorize the assessment of public roads or highways, nor does it require the commissioners to construct or repair culverts or bridges, nor the assessment of lands within the district for any purpose except that stated in the act. Where there is a special act on a particular subject or case, it only applies, and not the general law. 84 Ark. 329; 68 *Id.* 130; 50 *Id.* 132; 60 *Id.* 59.

Unless required by statute, no legal duty rests upon a drainage district to construct or maintain bridges over ditches crossing highways. 199 S. W. 716; 196 S. W. 1115; 190 *Id.* 897; 252 Mo. 345; 158 S. W. 633. The reasoning of the court in 196 S. W. 1115 is conclusive of this case. In this case the county pays nothing for benefits derived by the public highways, yet asks to be relieved of any expense in constructing bridges over which the public travels.

*L. F. Monroe,* Prosecuting Attorney, *Hardage & Wilson, John H. Crawford* and *Dwight H. Crawford,* for appellee.

1. Under our statutes the drainage district is liable for the cost of the extra bridges. Act 177, Acts 1913, p. 739, § 16.

2. The contention of appellant that where there is a special act on a particular case it only applies, and the general law, can not be applied here. 50 Ark. 137; 48 N. J. L. 370, 5 Atl. 178.

3. At common law and in a majority of States, in the absence of legislation, the drainage district is liable. 92 Neb. 776; 43 L. R. A. (N. S.) 695; Ann. Cases 1914 A, 546; 14 East 317; 9 R. C. L. 628; 19 C. J. 696. The Missouri cases cited by appellant do not sustain its contention made here. 224 S. W. 343-5. See, also, 87 Neb. 132; 70 Am. Dec. 134; 35 Am. Dec. 575; 59 Wis. 69; 17 N. W. 972; 49 Md. 257; 23 Am. Rep. 247; 40 *Id.* 430.

There is no evidence or admission that the county would derive benefit from the digging of the drainage ditches. The burden of building these bridges should fall on those landowners in the valley composing the Ross Drainage District who were benefited. 224 S. W. 343.

HUMPHREYS, J. This suit was instituted by appellee against appellant in the Clark Chancery Court for a mandatory injunction, requiring appellant to build suitable and proper bridges over the drainage ditches being dug by it wherever they crossed the public highways of the county. The cause was submitted to the court upon the pleadings and the following agreed statement of facts:

"The Board of Directors of Ross Drainage District of Clark County, the defendant herein, constitutes a body politic and corporate, organized and operating in compliance with and under the power and authority conferred upon them by special act No. 92 of the General

Assembly of the State of Arkansas of 1917, and as amended by special act No. 3 of the year 1919.

"The lands lying within and embracing Ross Drainage District are fertile agricultural lands, but subject to overflows of Terre Noir Creek. For the purpose of reclaiming same from such overflows, the defendants, acting within the scope of their authority under said act No. 92, are engaged in constructing two ditches down the valley of said creek within said district, one on either side of the channel of said creek near the foothills of said valley, said ditches each being about forty to sixty feet wide and from ten to fifteen feet deep. The length of the ditches on either side of the valley will be twelve or fifteen miles, said ditches traversing the valley of said creek for that distance. The said ditches will cross five or six public county highways which were established and being maintained by the county before the passage of said act No. 92. The said ditches have crossed said county highways in two or three places, and will soon cross them in other places. The county has heretofore constructed and maintained bridges on each of said highways where same cross said creek, which bridges will be necessary for the county to continue to maintain after said ditches are completed. At the places where said drainage ditches cross said county highways no bridges were necessary prior to the construction of said ditches, and it will be necessary, in order for the public to properly use said county highways, that said drainage ditches should have bridges over them where they cross said public highways."

The court decreed that appellant should construct good and substantial bridges, at its own expense, over drainage ditches then or thereafter constructed across any public road in Clark County, and enjoined it from cutting public roads without constructing bridges across its ditches where they intersected said roads. An appeal from the decree has been duly prosecuted to this court.

The general laws of the State make provision for two drainage systems. One system requires the county and

the other the drainage district to construct bridges over the ditches crossing highways. The exemptions and liabilities embodied in the general law estabishing either system can not attach to appellant district, because it was established by authority of special act No. 92 of the Acts of the General Assembly of 1917. This court announced the doctrine in *Wood* v. *Drainage District No. 2, Conway County,* 110 Ark. 416, that a drainage district, being a *quasi*-public corporation, was subject to only such liabilities as the statute creating it prescribes. By reference to said special act No. 92, creating appellant district, it will be observed that no liability was prescribed against it on account of intersecting public highways with its ditches. The highways within the district necessarily received a benefit from the drainage afforded by the construction of the drainage ditches, and this was perhaps the reason the Legislature imposed no liabiity upon it for crossing the highways with its ditches. The additional burden entailed upon the county to construct and maintain bridges over the ditches crossing the highways was compensated by the drainage afforded the highways. The rule seems to be well established that, unless required by statute, no legal duty rests upon a drainage district to construct and maintain bridges over its ditches crossing highways. *McCaleb* v. *Coon Run Drainage & Levee District,* 190 Ill. 549 (60 N. E. 898): *Rigney* v. *Fischer,* 113 Ind. 313 (15 N. E. 594); *Board of County Commissioners of the County of Jefferson* v. *Delaware River Drainage Dist. of Jefferson County,* 97 Kan. 302 (155 Pac. 54).

For the error indicated, the decree is reversed and appellee's bill for mandatory injunction is dismissed.