Ross Drainage District *v.* Clark County.

Opinion delivered April 10, 1922.

COUNTIES—CLAIM FOR BRIDGE CONSTRUCTED WITHOUT AUTHORITY.—
Under Const. art. 19, § 16, and Crawford & Moses' Dig., §§ 827-9, when bridges of the second class are built at the county expense, plans must be adopted and contracts for same let at public outcry; and where a county judge in vacation entered into a contract with a drainage district to reimburse it for a bridge to be built, and the contract was never ratified by the county court, a claim for constructing the bridge was properly disallowed.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*Callaway & Callaway,* for appellant.

*J. H. & D. H. Crawford* and *Luke F. Monroe,* for appellee.

The contract entered into between the county judge, in vacation, and the appellant was not binding upon Clark County. Const. 1874, art. 7, sec. 28, C. & M. Digest, § 2279; 36 Ark. 641; 55 Ark. 437; 127 Ark. 470; 117 Ark. 334.

HUMPHREYS, J. Appellant, Ross Drainage District of Clark County, presented a claim against the appellee, Clark County, to the county court of said county in the sum of $4,300.35 for the construction of bridges built across certain public highways in constructing the drainage ditches in said district. The county court refused to allow the claim, from which an appeal was prosecuted to the Clark Circuit Court. In the circuit court the issues were tried by the court sitting as a jury, which resulted in a judgment disallowing the claim, from which an appeal has been duly prosecuted to this court.

Special act No. 92 of the General Assembly of Arkansas, 1917, creating the drainage district in question, contained no provision requiring the drainage district to build bridges over ditches dug by it across public highways in the construction of its drainage system. A test case as to whether the district or the county should build bridges over the ditches where they crossed public highways resulted in a ruling by this court, on appeal, that said drainage district could not be required to build bridges over the ditches cut across the public highways, in the absence of a provision in the act requiring it to do so. *Board of Directors of Ross Drainage Dist.* v. *State,* 147 Ark. 91. During the pendency of the test case the president of the board of directors of said district entered into the following written contract with the county judge of said county, in vacation, and the prosecuting attorney of the Eighth Judicial District of Arkansas, which included Clark County, to-wit (omitting formal parts): "This agreement, executed on this, the day and date hereinafter mentioned, by and between Clark County, Arkansas, as represented by J. T. Green and Luke Monroe, respectively county judge of said county and prosecuting attorney of the Eighth Judicial District of Arkansas, and hereinafter referrred to as the county, party of the first part, and Ross Drainage District, of said county, acting by and through W. E. Miller, president of the board of directors, and hereinafter referred to as the district, party of the second part, witnesseth:

"Whereas, the improvement under way by said district crosses certain county roads of said county, and act 92 of the General Assembly of 1917, under which said district is operating, does not specify whether or not the district shall bridge the ditch where same crossed such public roads. And whereas, as the district has already built one such bridge and the county one, and a third bridge must soon be constructed; and whereas, in view of the further fact that the county will at once institute legal proceedings to determine whether or not the

district should construct such bridges; it is therefore agreed between the parties hereto as follows, to-wit:

"The district will proceed to construct the bridge, the necessity for which is now imminent, and, in the event the courts finally hold that it is not the duty of the district to do such bridging, the county agrees that it will reimburse the district for the said bridge heretofore built by it and for such other bridging, bridge or bridges which the district shall hereafter build or contract. Provided, if the courts hold that it is the duty of the district to do such bridging, or build such bridges, the district agrees to reimburse the county for the bridge heretofore constructed by the county as hereinbefore mentioned. It being the intention of this agreement that such obligation or obligations be discharged by the county or district as may be decided by the courts."

The drainage district proceeded, under the contract, to construct bridges over the drainage canals aforesaid at a total cost of $4,300.35. The bridges constructed were between 30 and 60 feet in length, and, under the statute law of this State, are denominated bridges of the second class. The statute law provides that when bridges of the second class are ordered built at the expense of the county, plans and specifications therefor must be adopted and posted in accordance with the requirements of the statute, and contracts for building same must be let at public outcry at the courthouse door to the lowest and best responsible bidder. Const. of Ark., art. 19, § 16; Crawford & Moses' Dig., §§ 827-829. The contract upon which the claim presented was based was made by the county judge in vacation, and was never ratified by the county court. The bridges were not constructed in accordance with the requirements of the statute. The bridges having been constructed without authority, the claim was properly disallowed; otherwise any one might, without authority, construct a bridge on a public highway, whether needed or not, and compel the county to pay for it. The record does not reflect that the county court ever accepted the

bridges, or that the county took charge of them and per-mitted the public to use them as public bridges. So we are not called upon to determine in this case whether the county would have become liable had it accepted and per-mitted the public to use the bridges. The only question presented for determination on this appeal is whether a claim presented for the construction of bridges based upon an unauthorized contract can be collected from the county. This question was settled in the negative in the case of *Howard County* v. *Lambright*, 72 Ark. 330.

No error appearing, the judgment of the circuit court is affirmed.