David GATZKE, Wade Abernathy, Greg Gladden, Michael Lester, Richard Day, Wayne Harlan, and Chad Fite *v.* Richard WEISS, Anne Laidlaw, B. Alan Sugg, Lu Hardin, Robert Potts, and May Construction Company, et al.

08-415                                                      289 S.W.3d 455

Supreme Court of Arkansas
Opinion delivered December 11, 2008

Hope, Fuqua & Campbell, P.A., by: Ronald A. Hope, David M. Fuqua, and Patrick L. Spivey, for appellants.

Friday, Eldredge & Clark, LLP, by: Jeffrey H. Moore, for appellees CDI Contractors, LLC; DEL-JEN, Inc.; and Nabholz Construction Corp.

Dustin McDaniel, Att'y Gen.; Justin Allen, Chief Deputy Att'y Gen., by: Lori Freno, Sr. Ass't Att'y Gen., for appellees Richard Weiss and Anne Laidlaw.

Tom Courtway, General Counsel, University of Central Arkansas, for appellee Lu Hardin.

Jeffrey A. Bell, Sr. Assoc. General Counsel, University of Arkansas, for appellee B. Alan Sugg.

Lucinda McDaniel, University Counsel, Arkansas State University System, for appellee Robert Potts.

R OBERT L. BROWN, Justice. On March 23, 2007, the appellants, David Gatzke and others (hereinafter "Gatzke"), as taxpayers of Arkansas, sued appellees, Richard Weiss, Director of the Arkansas Department of Finance and Administration; Anne Laidlaw, interim director of the Arkansas Building Authority; and certain public university officials. Gatzke alleged that Act 961 of 1997, codified at Arkansas Code Annotated section 19-4-1413, and Act 1626 of 2001, codified at Arkansas Code Annotated section 19-4-1415, (hereinafter "the Acts") violate article 19, section 16 of the Arkansas Constitution because they allow for state construction projects to be entered into without competitive bidding.

Gatzke also contended in the complaint that the construction contracts entered into pursuant to the Acts were illegal and constituted an illegal exaction under article 16, section 13 of the Arkansas Constitution. Gatzke prayed for a declaratory judgment, declaring that the Acts are unconstitutional and that the executed contracts constituted illegal exactions. Gatzke also prayed to enjoin the State from entering into any contracts pursuant to the Acts, from prospectively honoring the terms of any existing contracts entered into pursuant to the Acts, and from making expenditures in the future pursuant to the Acts. On August 31, 2007, Gatzke filed an amended complaint, following an order by the circuit judge to add certain necessary parties. The amended complaint named various private building contractors and included the same allegations and prayer that the Acts be declared unconstitutional.[1]

Weiss moved to dismiss the amended complaint on grounds that article 19, section 16 of the Arkansas Constitution applies only to county-funded contracts. Following a hearing on the motion, the circuit judge treated the motion as one for summary judgment and found that the Acts were constitutional because article 19, section 16 "applies only to county construction projects." He

---

[1] Gatzke named the following seventeen defendants: Richard Weiss, Director of the Arkansas Department of Finance and Administration; Anne Laidlaw, Interim Director of the Arkansas Building Authority; B. Alan Sugg, President of the University of Arkansas System; Lu Hardin, President of the University of Central Arkansas; Robert Potts, Chancellor of Arkansas State University; Nabholz Construction Corporation; CDI Contractors, Inc.; Flintco, Inc.; Baldwin & Shell Construction Company; May Construction Company, Inc.; James H. Taylor & Sons Construction Company, Inc.; F & F Construction Company, Inc.; DEL-JEN, Inc.; KINCO Constructors, LLC; CDI Contractors, LLC; KAJ Construction, Inc.; and StudioWerk, PLLC. All named defendants will be referred to collectively as "Weiss."

concluded in his order: "It is therefore ordered that summary judgment be granted in favor of all defendants, and that the plaintiffs' amended complaint be dismissed with prejudice in its entirety."[2]

This dispute revolves around whether article 19, section 16, of the Arkansas Constitution requires competitive bidding on all public contracts in Arkansas, including state contracts, as argued by Gatzke, or whether it applies only to county contracts, as found by the circuit judge and asserted by Weiss. The Acts provide for letting state contracts without competitive bidding in some circumstances. Act 961 of 1997, codified at Arkansas Code Annotated section 9-4-1413, exempts from general statutory bidding requirements public higher education construction projects if they exceed $5,000,000 and 80% of the estimated project cost (excluding the cost of land) is privately funded. Act 1626 of 2001, codified at Arkansas Code Annotated section 19-4-1415, exempts from general statutory bidding requirements state agency construction projects that exceed $5,000,000 (excluding the cost of land), regardless of the source of project funds. The Acts both require that certain procedures be followed for a contract to be awarded under the exemptions.

In reviewing the constitutionality of statutes, this court presumes that a statute was framed in accordance with the constitution. *See Reinert v. State*, 348 Ark. 1, 71 S.W.3d 52 (2002). The burden is on the challenger of the statute to prove that it is unconstitutional, and this court will not invalidate a statute for repugnance to the constitution unless the two are in clear and unmistakable conflict. *Id.*

This court reviews a circuit court's interpretation of a constitutional provision de novo. *See City of Fayetteville v. Wash. Cty.*, 369 Ark. 455, 255 S.W.3d 844 (2007). We are not bound by a circuit court's decision, but in the absence of a showing that the

---

[2] What apparently converted this matter from a dismissal under Rule 12(b)(6) to summary judgment was the attachment of an affidavit from Rebecca Burns-Hoffman, a forensic linguist, who interpreted the meaning of article 19, section 16 in that affidavit. The judge made no reference to this affidavit at the hearing or in his order. We agree with Weiss, nonetheless, that a forensic linguist may not testify to her conclusions related to constitutional interpretation under the guise of Arkansas Rule of Evidence 702. As the United States Court of Appeals for the D.C. Circuit has said: "Each courtroom comes equipped with a 'legal expert' called a judge." *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

trial court erred in its interpretation of the law, that interpretation will be accepted on appeal. *Id.* Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Id.* Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Id.* Furthermore, when engaging in constitutional construction and interpretation, this court looks to the history of the constitutional provision. *See Foster v. Jefferson Cty. Quorum Ct.*, 321 Ark. 116, 901 S.W.2d (1995). The Arkansas Constitution must be considered as whole, and every provision must be read in light of other provisions relating to the same subject matter. *Id.*

We turn then to article 19, section 16, which reads:

> All contracts for erecting or repairing public buildings or bridges in any county, or for materials therefor; or, for providing for the care and keeping of paupers, where there are no alms-houses, shall be given to the lowest responsible bidder, under such regulations as may be provided by law.

Gatzke contends that the term "all contracts" evidences the framers' and voters' intent that the provision apply to all government contracts, including state contracts, and that the words "in any county" refer to the physical location of the public buildings or bridges. Because of this, he contends the Acts are unconstitutional.

We conclude that the plain meaning of article 19, section 16 restricts its application to county contracts. There is, first, the fact that the words "in any county" would lack any significance unless they restrict the provision relating to public buildings and bridges to county-funded contracts. It is beyond dispute that absent an explicit restriction, sections of the Arkansas Constitution have statewide application. *See, e.g.*, Ark. Const. preamble ("We, the people of the *State* of Arkansas, . . . do ordain and establish this Constitution.") (emphasis added). In drafting and adopting the words "in any county," the framers and voters of Arkansas clearly intended to limit the lowest-responsible-bidder restriction to county contracts. This court will interpret a constitutional provision so that each word carries meaning. *See, e.g.*, *Merritt v. Jones*, 259 Ark. 380, 387, 533 S.W.2d 497, 500-01 (1976) (every word should be expounded in its plain, obvious and common acceptation). The circuit judge was correct in finding

that "the 'in any county' phrase does not add anything, except
. . . to limit 'all contracts' to 'county contracts.' "

In addition to the plain language of article 19, section 16, the
historical context of the section, and its meaning in relation to the
Arkansas Constitution as a whole, support the circuit judge's
reading. Weiss rightly points out that at the time article 19, section
16 was adopted by a vote of the people in 1874, it was immediately
preceded by section 15.[3] At that time, the two sections read:

> Sec. 15. All stationery, printing, paper, fuel, for the use of the
> General Assembly and other departments of government, shall be
> furnished, and the printing, binding and distributing of the laws,
> journals, department reports, and all other printing and binding, and
> the repairing and furnishing the halls and rooms used for the
> meetings of the General Assembly and its committees, shall be
> performed under contract, to be given to the lowest responsible
> bidder, below such maximum price and under such regulations as
> shall be prescribed by law. No member or officer of any depart-
> ment of the government shall in any way be interested in such
> contracts, and all such contracts shall be subject to the approval of
> the Governor, Auditor and Treasurer.

> Sec. 16. All contracts for erecting or repairing public buildings or
> bridges in any county, or for materials therefor; or, for providing
> for the care and keeping of paupers, where there are no alms houses,
> shall be given to the lowest responsible bidder, under such regula-
> tions as may be provided by law.

Ark. Const. art. 19, § 15, *repealed by* Ark. Const. amend. 54, § 2; art.
19, § 16.

Again, placing article 19, section 16 in context and
reading it in conjunction with the Arkansas Constitution as a
whole, it is clear to this court that the framers of the constitution
and the people of this state knew how to distinguish between state
contracts and county contracts. If Gatzke's interpretation were
correct, there would have been no need for section 15 because
section 16 would have applied to all contracts, including those
state contracts for building repairs referenced in section 15. That is
not a reasonable interpretation. We decline to hold that portions of
section 15 were superfluous and unnecessary for adoption.

---

[3] In 1974, article 19, section 15 was repealed by amendment 54.

Though not decisive in itself, we are also aware that significant public functions in 1874 were performed by the counties and not the state. *See, e.g.*, Mansfield Digest of Statutes 1884, §§ 1089-1139 (county buildings), including the courthouse, jail, and poorhouse. It is especially important that the superintendence of all paupers, included specifically within article 19, section 16, was a county function in 1874. *See id.* § 1108. It would be myopic for this court to cast a blind eye to the historical context in which article 19, sections 15 and 16 were passed.

■ There is, too, the fact that our case law lends support to Weiss's interpretation. All but one of the cases in which this court has interpreted and applied article 19, section 16 involved county contracts. *See Carroll Cty. v. Reeves Constr. Co.*, 154 Ark. 434, 242 S.W. 821 (1922) (regarding county bridge contracts); *Ross Drainage Dist. v. Clark Cty.*, 153 Ark. 175, 239 S.W. 740 (1922) (whether a county was obligated to pay on a bridge contract); *Shackelford v. Campbell*, 110 Ark. 355, 161 S.W. 1019 (1913) (whether a county court could amend a contract previously entered into pursuant to the constitution and statute); *Watkins v. Stough*, 103 Ark. 468, 147 S.W. 443 (1912) (regarding county bridge projects); and *Fones Hardware Co. v. Erb*, 54 Ark. 645, 17 S.W. 7 (1891) (petition to enjoin a county from constructing a bridge). None of our cases interpreting article 19, section 16 have specifically dealt with state contracts.

The one case from this court discussing section 16 and not dealing with a county-funded construction project is *Wimberly v. Road Improvement District No. 7*, 161 Ark. 79, 255 S.W. 556 (1923).[4] In *Wimberly*, the plaintiffs brought suit to enjoin a road improvement district from building a bridge within the district without letting the project for competitive public bidding. The plaintiffs argued specifically that the State law under which the improvement district had acted was in conflict with section 16 because it did not include a provision for the construction of bridges within the district to be let to the lowest responsible bidder. The trial judge upheld the validity of the act involved but enjoined the

---

[4] We are aware that Weiss maintains that improvement districts are, in fact, agents of the State. However, this court has not reached that precise issue in the context of article 19, section 16.

commissioners of the district from making the improvements without advertising for bids because he found it was contrary to public policy.

On appeal, this court reversed in part and, in doing so, noted that the bridge in question was built incident to the improvement district and was not, therefore, built with county funds. In holding that the law did not violate section 16, this court said that "[t]he section of the Constitution referred to is a limitation upon the expenditure of *county funds* for bridges, etc., *in any county*, and was not intended as an inhibition against districts building projects incident to the main improvement, by private contract." *Id.* (emphasis added). Gatzke never explains why the *Wimberly* court's pronouncement that section 16 is a limitation upon the expenditure of *county* funds is not precedent for the instant case.

Gatzke also maintains that article 19, section 16 must be amended for it to apply only to county contracts. He cites to decisions from this court with regard to article 19, section 15 in support of that argument. *See Gray v. Gaddy*, 256 Ark. 767, 510 S.W.2d 269 (1974), and *Erxleben v. Horton Printing Co.*, 283 Ark. 272, 675 S.W.2d 638 (1984). In *Gray*, this court addressed Act 452 of 1973, which purported to clarify the contracts under section 15 that had to be submitted for competitive bidding. We held that the act was unconstitutional because section 15 applied to all contracts for stationery, printing, paper, and fuel. Since section 15 was all inclusive and not unambiguous to begin with, we held that the General Assembly lacked the authority to modify its terms.

In 1974, the people of Arkansas passed amendment 54 to the Arkansas Constitution, which repealed article 19, section 15 and replaced it with amendment 54, section 1. Amendment 54, section 1 requires that the "printing, stationery, and supplies *purchased by* the General Assembly and other departments of government shall be under contracts given to the lowest responsible bidder . . . ." Ark. Const. amend 54, § 1. Ten years later, taxpayers sued alleging that the Arkansas Office of State Purchasing violated this provision by sending printing contracts to the Arkansas Department of Correction Prison Industries without submitting them to public bidding. *See Erxleben*, 283 Ark. 272, 675 S.W.2d 638. This court interpreted the language of amendment 54 and held that "purchased by" did not mean a bookkeeping entry transferring money from one state account to another as occurred when the State entered into contracts with the Department of Correction. We held that amendment 54 requires competitive bidding for printing

purchased from commercial printers but permits the State to produce its own printing without submitting a bid.

Gatzke urges that the term "all contracts" in section 16 should be governed by this court's decision in *Gray*. This argument is without merit because the original language of section 15 is considerably different from that of section 16. The term "all contracts" in section 16 is expressly limited by the words "in any county." As a result, the plain language of the section already restricts its applicability to county contracts, and an amendment is not necessary. *Gray* and *Erxleben* are not relevant to deciding this case.

Nor do we agree that the *Fones* case supports Gatzke's interpretation. *See Fones*, 54 Ark. 645. Though *Fones* includes wording about the desirability of the competitive bidding process for public construction contracts, it did not purport to interpret article 19, section 16 to include state contracts. Moreover, the *Fones* case itself involved a county contract, as already noted in this opinion.

Gatzke asserts, as a final point, that the preposition "in" should have been "by" in order for section 16 to apply only to county contracts. Gatzke also contends that section 16 is written in the passive voice, which further indicates that the intent was for it to apply to all contracts. These arguments are conclusory, and Gatzke cites no authority in support of them. This court has long held that it will not address arguments unless they are sufficiently developed and include citation to authority. *See, e.g., Cole v. Laws*, 349 Ark. 177, 183, 76 S.W.3d 878, 881 (2002). Gatzke's arguments regarding the structure of the language in article 19, section 16 are unpersuasive to this court.

We hold that there was no error by the circuit judge in interpreting article 19, section 16 to apply only to county construction contracts and in declaring the Acts constitutional. We affirm the order of summary judgment.

Affirmed.

WILLS, J., not participating.