Edward ERXLEBEN, Director of
Office of State Purchasing
*v.* HORTON PRINTING COMPANY

84-108                                675 S.W.2d 638

Supreme Court of Arkansas
Opinion delivered September 24, 1984

*Steve Clark,* Att'y Gen., by: *Thomas S. Gay,* Asst. Att'y Gen., for appellant.

*Givens & Buzbee,* by: *Art Givens,* for appellee.

WEBB HUBBELL, Chief Justice. The Arkansas Office of

State Purchasing sent to forty-three potential vendors, including Appellee, Horton Printing Company, an invitation to bid on certain printing for the General Assembly, including letterhead, envelopes, and memo pads. Appellee's bid, the only qualified bid submitted, was then presented to the Legislative Printing Committee for consideration, but the bid was rejected because it was fifty percent higher than the cost of the previous year's contract. The Committee then asked for and received a proposal to do the printing from the Arkansas Department of Correction Prison Industries. The Correction Department's representatives quoted a price of $15,920.54 for the letterhead, envelopes, and memo pads, an amount forty-five percent less than Appellee's bid for the same items. The Committee designated that the printing be obtained from the Correction Printing Shop without re-bidding, and the Office of State Purchasing notified Appellee that its bid was rejected.

Appellee then filed its complaint in Pulaski County Chancery Court seeking injunctive and declaratory relief. The printing was delivered by the Prison Industries and was paid by a transfer of funds. Because the printing had been delivered, the issues before the court were limited to a declaratory judgment and were tried on stipulated facts. Appellee claimed that pursuant to Amendment 54 of the Arkansas Constitution the Office of State Purchasing could not obtain printing for the General Assembly from another state agency without competitive bids. The chancellor found that Amendment 54 mandates that printing for the General Assembly can not be obtained from Prison Industries without a competitive bidding and award procedure. We reverse.

Prior to Amendment 54 the acquisition of printing used by the State of Arkansas was limited by Article 19, Section 15 of the Arkansas Constitution which required all printing contracts be awarded to the lowest responsible bidder.

This court has considered Article 19, Section 15 in several cases. In *Ellison* v. *Oliver*, 147 Ark. 252, 227 S.W.2d 586 (1921), the court considered a contract for reprinting of the Supreme Court Reports. The legislature had appro-

priated funds to continue to pay for printing under a two year contract rather than advertise for bids on a new contract at a higher cost. The court held a contract not approved by the auditor as required by Article 19, Section 15 was void, and the legislature had no power to pay for the work when no bids were taken.

We interpreted "printing" in Article 19, Section 15 to permit the state to use office duplicating machines in *Parkin v. Day,* 250 Ark. 15, 463 S.W.2d 656 (1971).

We construed Article 19, Section 15 and Act 452 of 1973 in *Gray* v. *Gaddy,* 256 Ark. 767, 510 S.W.2d 269 (1974). Act 452 sought to limit the scope of Article 19, Section 15 by narrowly defining "printing" and "stationery" to permit procurement of some items without bidding. We held Act 452 unconstitutional insofar as it restricted the definitions of "printing" and "stationery" because Article 19, Section 15 addressed "all stationery, printing . . . ."

Following the decision rendered in *Gray* v. *Gaddy,* supra, Amendment 54 was submitted by the legislature to the voters and was passed in the General Election of 1974. Amendment 54 changed the language in Article 19, Section 15 from "All . . . printing . . . for the use of . . ." to "The printing . . . purchased by the General Assembly . . . ."

The chancellor found that Amendment 54 requires all printing "purchased" from any source be based on competitive bids, even if that source is another state agency. This interpretation of Amendment 54 would not effect any change from Article 19, Section 15. If a change occurs in language, a change was intended in the result. 2A *Sutherland, Statutory Construction,* § 45.12 (4th Ed., 1972); *Glover* v. *Henry,* 231 Ark. 111, 115, 328 S.W.2d 382 (1959).

When the General Assembly received the printing it ordered, funds were transferred to the Prison Industries Fund Ark. Stat. Ann. § 13-2612 (Supp. 1983). Although the act which requires state agencies under specific circumstances to obtain goods from Prison Industries calls this transaction a purchase (Ark. Stat. Ann. § 46-237 (Repl. 1977), in fact what occurs is that the determined value of the

goods is transferred from one state account to another account. A purchase is a transmission of property from one person to another by voluntary act and agreement on valuable consideration. Black's Law Dictionary 1110 (5th ed. 1981). A purchase is not a bookkeeping entry transferring money from one state account to another.

The Arkansas Constitution is a limitation upon and not a grant of power to the legislature. *Wells* v. *Purcell*, 267 Ark. 456, 464, 592 S.W.2d 100 (1979); *Jones* v. *Mears*, 256 Ark. 825, 510 S.W.2d 857 (1974). Absent the limitation contained in Amendment 54, the legislature would not be required to submit printing contracts for public bids. Amendment 54 limits only purchases by the General Assembly, not transfers of funds from one state agency to another.

After a review of the history of legislation and litigation involving Arkansas' attempts to perform some of its own printing, and after consideration of the change in the language in Amendment 54 form "All . . . printing" to "The printing . . . purchased", we conclude that Amendment 54 requires competitive bidding for printing purchased from commercial printers, but permits the state to produce its own duplicating and printing without submitting a bid.

Our construction of Amendment 54 gives effect to the change in the language from Article 19, § 15 to Amendment 54, and still maintains the safeguards necessary to insure economy of state funds. Our construction is also consistent with opinions from other states. *Director of Department of Agriculture and Environment* v. *Prison Industries Association of Texas*, 600 S.W.2d 264 (Tex. 1980); *Associated Industries of Alabama, Inc.* v. *Britton*, 371 So.2d 904 (Ala. 1979).

Reversed.

HICKMAN and PURTLE, JJ. dissent.

DARRELL HICKMAN, Justice. Dissent. The issue in this case is not whether the Department of Corrections can print

materials for other state agencies, nor is it whether that department can do it more economically than the private sector. We need not delve into the question of the real cost of printing at the Department of Corrections, whether it included the cost of the buildings, utilities and equipment, and whether indeed the Department of Corrections can do printing cheaper. That would be an interesting question. We need not question whether Amendment 54 is wise in requiring the General Assembly to purchase all its printing from a bidder. We only need to decide if we are going to allow a flagrant avoidance of the Constitution. I respectfully submit that we should not.

The only issue is whether the General Assembly violated Amendment 54 to the Arkansas Constitution when it *bought* certain printing from the Department of Corrections without complying with the bid process required by the Constitution. The answer is plainly and simply that the General Assembly did violate the Constitution as the trial court held.

Amendment 54 reads:

The printing, stationery, and supplies *purchased* by the General Assembly and other departments of government *shall be* under contracts given to the lowest responsible bidder, below such maximum price and under such regulations as shall be prescribed by law. No member or officer of any department of government shall in any way be interested in such contracts. (Italics supplied.)

The majority avoids the Constitution by holding a mere "bookkeeping entry" was made "transferring money" from one state account to another.

Did the General Assembly pay the Department of Corrections for the printing? It did. Did it buy the printing from the Department of Corrections? It did. There is no need to use euphemisms such as "transferring" and "bookkeeping entry" to hide what was done.

This decision simply means that it does not matter what

the Constitution says — it can be circumvented. If the General Assembly wants to appropriate money to the Department of Corrections to do all the printing for Arkansas state agencies, that may well be within its prerogative. However, it cannot set up a printing shop to compete with private business in violation of the Constitution. It cannot "purchase" printing, nor can any other department in violation of the Constitution. This was not a "bookkeeping entry" but an appropriation; this was not a "transfer" but a purchase.

I respectfully dissent.

JOHN I. PURTLE, Justice, dissenting. Amendment 54 was approved by the people of Arkansas at the General Election on November 5, 1974 by a vote of 259,639 for and 210,830 against. The pertinent part of Amendment 54 requires all printing, stationery, and supplies purchased by the state to "be under contracts given to the lowest responsible bidder . . . under such regulations as shall be prescribed by law." This Amendment clearly and expressly repealed Section 15 of Article 19 of the Constitution of the State of Arkansas. Therefore, it is logical to assume the people were dissatisfied with the provisions of the repealed sections of the Constitution. Likewise it is logical they intended to change the result of prior lawsuits on the subject. For these reasons I feel our decisions prior to Amendment 54 are of little value as precedents.

So far as I am concerned we have started out with a new slate and the cardinal rule is to give the words their plain and accepted meaning. The clear and unambiguous language we are considering here needs no construction other than to determine the meaning of the phrase "contracts given to the lowest responsible bidder . . ." The Department of Corrections did not submit a bid. The appellant did. The state no doubt had a right to reject all bids as it did. The trial court held that Amendment 54 requires the submission of bids in this type situation. I am in full agreement with this construction of the Amendment. I express no opinion as to whether the Department of Corrections could qualify as a

bidder or not because they did not even attempt to bid on the purchase here in question.

I would affirm.