The Honorable Jerry E. Hinshaw State Representative WC 84 18804 Wheeler Road Springdale, Arkansas 72764
Dear Representative Hinshaw:
This is in response to your request, on behalf of the City of Siloam Springs, for an opinion on whether the Siloam Springs City Hospital Commission is subject to bidding when it makes purchases for the hospital.
It is my opinion, assuming your question refers to the purchase of supplies and not to any construction projects,[1] that the Siloam Springs Hospital Commission is not required by law to engage in competitive bidding when it makes such purchases. Of course, there is no prohibition against the Commission engaging in competitive bidding with regard to such purchases, should it choose to do so.
The exact question posed inquires as to whether the hospital is "subject to the competitive bidding requirements of Amendment 54 and A.S.A. 14-58-202, or whether A.S.A. 14-264-104(b) exempts the hospital commissioners of a City owned hospital from the competitive bidding requirement." I assume from the reference to Amendment 54 that the question involves the purchase of printing supplies. This Amendment provides that "[t]he printing, stationary, and supplies purchased by the General Assembly and other departments of government shall be under contracts given to the lowest responsible bidder. . . ." This provision of our Constitution, however, in my opinion, applies only to state government. Cf. Erxleben v. Horton Printing Co.,283 Ark. 272, 675 S.W.2d 638 (1984) (Purtle, J. dissenting). As such, it does not require a city hospital commission to purchase such supplies on competitive bids.
The citation to A.S.A. 14-58-202 was presumably intended to refer to A.C.A. § 14-58-303, which requires all cities of the first class to engage in competitive bidding for purchases over five thousand dollars. In my opinion, in the case of Siloam Springs, the relevant statute is A.C.A. § 14-48-129, which applies to cities with the city administrator form of government. It provides in pertinent part as follows:
 (a) Before making any purchase of, or contract for, any supplies, materials, or equipment, and before obligating the city under any contract for the performance of services or for the construction of municipal improvements where the anticipated cost to the city of the transaction exceeds the maximum amount established by the board of directors under the authority of § 14-48-117, opportunity for competitive bidding shall be given under such rules and regulations as the board may by ordinance prescribe, and the contract shall be consummated only on a bid approved by the city administrator and by the board.
This statute provides that the contract shall be consummated only on a bid approved by the city administrator and by the board. This procedure, if applicable to hospital commission purchases, would conflict with A.C.A. § 14-264-104(d) (1987), which provides that the hospital commissioners "shall have the exclusive right and power to make purchases of all supplies, apparatus, and other property and things requisite and necessary for the management and operation of the hospital. . . ." The city administrator and the city board have no authority with respect to such purchases. It does not appear, therefore, that A.C.A. § 14-48-129 was intended to apply to purchases made by city hospital commissions, as the commission itself has the sole authority to make purchases on behalf of the hospital.
It is therefore my opinion that the answer to your question is "no;" the Siloam Springs City Hospital Commission is not required to engage in competitive bidding when it purchases printing supplies for the hospital. Of course, however, it may do so if it deems it in the best interest of the public and the hospital.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The result may be different, under A.C.A. § 22-9-203, for construction projects of city hospital commissions. Cf. Op. Att'y Gen. No. 92-101.