The Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion regarding the Prison-Made Goods Act of 1967, which is codified at A.C.A.12-30-201 through -214 (1987). Your specific question is as follows:
Is this 1967 law in conflict with or superseded by more recent legislation adopted concerning purchasing by state agencies?
It is my opinion that the answer to this question is "no." The Arkansas Purchasing Law (A.C.A. 19-11-201
et seq. (1987 and Cum. Supp. 1993)) does not, in my opinion, supersede the Prison-Made Goods Act, which states in relevant part that:
[a]ll offices, departments, institutions, and agencies of this state which are supported in whole or in part by this state shall purchase . . . from the State Board of Correction all products required by the offices, departments, institutions, [or] agencies . . . of this state, produced or manufactured by the Department of Correction utilizing prison labor as provided for by this subchapter.
A.C.A. 12-30-204(a)(1) (1987).
It thus seems clear that the Prison-Made Goods Act applies with respect to articles or products produced or manufactured by the Department of Correction. The provisions are "mandatory" (A.C.A. 12-30-204(b)(1), unless an exception is made pursuant to the act. Id. The State Board of Correction fixes the prices (12-30-206) and purchases are made upon requisition by the proper agency official (12-30-204(a)(3)). This specific body of law will apply, in my opinion, in the event of a conflict with general purchasing laws.
With regard to the existence of a conflict, it must first be noted that the Arkansas Purchasing Law applies to "every expenditure of public funds by this state, acting through a state agency . . . , under any contract." A.C.A. 19-11-207(a) (1987) (emphasis added). The term "contract" is defined as "all types of state agreements . . . for the purchase of commodities and services and for the disposal of surplus commodities and services not otherwise exempt." A.C.A.19-11-203(6) (Cum. Supp. 1993).
An initial question arises as to the existence of a "contract" between the Department of Correction and the agency when articles or products are furnished under the Prison-Made Goods Act. The case of Erxleben v. Horton Printing Co., 283 Ark. 272,675 S.W.2d 638 (1984) suggests that the "purchase" of prison-made products by a state agency is actually a "bookkeeping entry" transferring funds from one agency to another. 283 Ark. at 275. It was contended in Horton Printing Co. that pursuant to Amendment54 to the Arkansas Constitution, the Arkansas Office of State Purchasing could not obtain printing for the General Assembly from the Department of Correction Prison Industries without competitive bids. Amendment 54 changed the language in Ark. Const. art. 19, 15 from "[a]ll . . . printing . . . for the use of . . ." to "[t]he printing . . . purchased by the General Assembly. . . ." The chancellor held that Amendment 54 requires all printing "purchased" from any source be competitively bid, even if that source is another state agency. The Arkansas Supreme Court disagreed, stating:
 When the General Assembly received the printing it ordered, funds were transferred to the Prison Industries Fund Ark. Stat. Ann 13-2612 (Supp. 1983). Although the act which requires state agencies under specific circumstances to obtain goods from Prison Industries calls this transaction a purchase (Ark. Stat. Ann. 46-237 (Repl. 1977) [now codified at A.C.A. 12-30-204], in fact what occurs is that the determined value of the goods is transferred from one state account to another account. A purchase is a transmission of property from one person to another by voluntary act and agreement on valuable consideration. Blacks Law Dictionary 1110 (5th ed. 1981). A purchase is not a bookkeeping entry transferring money from one state account to another. . . . Amendment 54 limits only purchases by the General Assembly, not transfers of funds from one state agency to another.
283 Ark. at 274-275.
Although this case involved Amendment 54 rather than the Arkansas Purchasing Law, the above language suggests that if faced with the question, the court would be unlikely to view the purchasing arrangement under the Prison-Made Goods Act as a "contract" governed by the Purchasing Law. See A.C.A.19-11-207(a), supra. It should also be noted that even if there is in fact a "contract," the Purchasing Law "shall not apply to contracts between agencies. . . ." Id. See also A.C.A. 19-11-249 to -258 (regarding cooperative purchasing).
In conclusion, therefore, it is my opinion the Prison-Made Goods Act of 1967 does not conflict with, nor is it superseded by the Arkansas Purchasing Law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:EAW/cyh