The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion regarding A.C.A. §24-11-102(a) (Repl. 1996), which authorizes benefits increases for members and beneficiaries under firemen's and policemen's pension and relief funds. Your specific question is "whether § 24-11-102(a) empowers the City of Little Rock Policemen's Relief and Pension Fund Board to increase benefits for those members of the Fund who are not yet `retired' within the meaning of the statute?"
Although this matter is not entirely clear from a reading of the statute, it is my opinion that the answer to your question is in all likelihood "yes." That is, in my opinion, the Board of Trustees ("Board") likely has the authority under § 24-11-102(a) to increase benefits for those members who are not yet retired when the increase is approved.
Section 24-11-102(a) states:
 The board of trustees of a municipal firemen's relief and pension fund and the board of trustees of a policemen's pension and relief fund are authorized to increase benefits for future or current retired members
and beneficiaries of the firemen's relief and pension fund or policemen's pension and relief fund. [Emphasis added.]
As noted in the legal opinion attached to your request, there doesn't appear to be any controversy as to the meaning of "current retired members." Legal Opinion from Edward G. Adcock to Board of Trustees of the Policemen's Relief and Pension Fund (July 22, 1997). The issue is focused instead upon the meaning of the word "future" under this subsection. This term plainly modifies "retired members." Thus, the question is: What did the legislature intend when it authorized benefit increases for "future . . . retired members?"
It is of course well-established that the first place to look in discerning legislative intent is the language of the act on its face.See Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). With regard to § 24-11-102(a), it is my opinion that the phrase "future retired members" can, on its face be construed to mean those who retire in the future. Thus, in my opinion, the plain meaning of the statute supports the conclusion that the Board is authorized to increase benefits for those who are not yet retired when the increase is approved, but who retire in the future.
To the extent, however, that the statutory language is deemed ambiguous, resort to the legislative history of § 24-11-102(a) is warranted. Seegenerally Mears v. Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339
(1979). It has also been stated, generally, that prior law is most important in arriving at the correct interpretation of a particular act.J.L. McEntire Sons, Inc., 256 Ark. 937, 511 S.W.2d 179 (1974). In this regard, it is significant to note that prior to its amendment in 1995, §24-11-102(a) authorized the Board to increase benefits for "retired members and/or beneficiaries of said firemen's or policemen's pension and relief funds." See Acts 1981, No. 283, § 1.[1] This language, authorizing benefit increases for "retired members," was continued from the 1981 amendment through two subsequent amendments of § 24-11-102. See
Acts 1983, No. 329, § 1 and Acts 1987, No. 279, § 2.[2] The Board thus had the authority, since 1981, to increase benefits for "retired members." There was no distinction, however, between current and future
retired members. Any increase applied, presumably, both to those who were retired when the increase was approved and to those who retired subsequent to the increase.
It has been stated that if a change occurs in the language of a statute, a change was intended in the result. See Erxleben v. Horton PrintingCo., 283 Ark. 272, 675 S.W.2d 638 (1984). Also, in construing legislative enactments, it is presumed that the legislature intended for the provisions of later acts to be read in light of provisions of the former relating to the same subject. See Bolden v. Watt, supra. Applying these precepts leads me to conclude that if faced with the question, a court would likely construe the 1995 amendment to mean that the Board is, in effect, empowered to distinguish between current retired members and future retired members when increasing members' benefits. The legislative history thus supports the conclusion that the Board may increase benefits for those who are not yet retired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Act 684 of 1995, Section 1, changed it to the current language regarding "future or current retired members and beneficiaries. . . ."
[2] Prior to 1981, the boards of trustees were authorized to increase benefits for "survivor beneficiaries of said firemen's or policemen's pension and relief funds." Acts 1979, No. 839, § 1.