J. Stephen Holt, Ph.D. Chair, Arkansas Board of Examiners in Psychology 101 E. Capitol, Suite 415 Little Rock, AR 72201
Dear Dr. Holt:
You have requested my opinion concerning SB 133, currently pending before the General Assembly, which amends various provisions of the code sections that govern the practice of psychology.
Your specific questions about the bill are:
 (1) Is it legal in Arkansas to change the scope of practice in psychology by removing the interviewing or administration and scoring of tests such as tests of mental abilities, aptitudes, interests, and personality characteristics for such purposes as psychological evaluations, etc.?
 (2) Is legal to remove protection of the public as the purpose of licensure by repealing A.C.A. § 17-97-104?
 (3) Is it legal to allow individuals who are being investigated by the Board for licensure infractions or ethical problems to select a licensed peer of equivalent qualifications to serve on the Board's panel of claims investigation?
Response
Before proceeding to respond to your questions, I must note that your concerns appear to be policy-based. That is, your questions appear to reflect concerns as to the wisdom of SB 133. I cannot opine on this aspect of the bill. Rather, I am constrained to address the legality of the bill.
Question 1 — Is it legal in Arkansas to change the scope of practice inpsychology by removing the interviewing or administration and scoring oftests such as tests of mental abilities, aptitudes, interests, andpersonality characteristics for such purposes as psychologicalevaluations, etc.?
It is my opinion that it is legal for the Arkansas General Assembly to define the scope of the practice of psychology, for purposes of state regulation, so as not to include the interviewing or administration and scoring of tests such as tests of mental abilities, aptitudes, interests, and personality characteristics for such purposes as psychological evaluations, etc.
This question has reference to Section 1 of SB 133. SB 133 differentiates between "psychologists" and "psychological examiners." Section 1 of the bill amends A.C.A. § 17-97-102 to set forth a new definition of the term "practice of psychology." It is my understanding that you interpret the bill to remove "interviewing or administering and interpreting tests of mental abilities, aptitudes, interests, and personality characteristics for such purposes as psychological evaluation, etc." from the definition of the term "practice of psychology," and to place these tasks within the domain of "psychological examiners."
For purposes of answering your question, it is not necessary for me to evaluate whether this interpretation of the bill is correct. Even assuming that it is correct, it is my opinion that it is legal for the General Assembly to re-define the term "practice of psychology" in this manner.
Your concern appears to arise out of your contention that "[a]dministering and scoring of individually administrated tests is accepted as a service involving the recognized principles, methods, and procedure of psychology." Despite the clear import of this factor, it does not bear upon the legality of SB 133. The sole factor that will determine the legality of SB 133 is whether it is prohibited either by the Arkansas Constitution or the U.S. Constitution.
The Arkansas Supreme Court has consistently upheld the principle that the Arkansas Constitution, which created the General Assembly, is not a grant of power, but rather is a limitation of power. Lake View Sch. Dist. No.25 v. Huckabee, Ark. S. Ct. Docket No. 01-836 (11-21-2002); Erxleben v.Horton Printing Co., 283 Ark. 272, 675 S.W.2d 638 (1984); Murphy v.Epes, 283 Ark. 517, 678 S.W.2d 352 (1984); Wells v. Purcell,267 Ark. 456, 592 S.W.2d 100 (1979).
The Wells court explained this principle as follows:
 It must always be remembered that the state's constitution is neither an enabling act nor a grant of enumerated powers, and the legislature may rightfully exercise the power of the people, subject only to restrictions and limitations fixed by the constitutions of the United States and this state. Jones v. Mears, 256 Ark. 825, 510 S.W.2d 857; St. L.I.M. S. Ry. Co. v. State, 99 Ark. 1, 136 S.W. 938. Under our system of government the legislature represents the people and is the reservoir of all power not relinquished to the federal government or prohibited by the state constitution. Rockefeller v. Hogue, 244 Ark. 1029, 429 S.W.2d 85; Hackler v. Baker, 233 Ark. 690, 346 S.W.2d 677.
Wells, supra, at 464.
It is thus clear that under Arkansas law, the General Assembly may determine the scope of the practice of psychology that will be subject to state regulation, and the General Assembly's determination of this scope can only be limited by the Arkansas Constitution or the U.S. Constitution.
I find no provision of the Arkansas Constitution or the U.S. Constitution that would prohibit SB 133's new definition of the term "practice of psychology," or of the bill's assignment of test administration to "psychological examiners."[1] This regulatory structure is wholly within the prerogative of the General Assembly to determine.
Question 2 — Is legal to remove protection of the public as the purposeof licensure by repealing A.C.A. § 17-97-104?
It is my opinion that a repeal of A.C.A. § 17-97-104 is legal for the reasons stated in response to Question 1.
SB 133 repeals the provisions of A.C.A. § 17-97-104, which sets forth certain exceptions to the licensure requirement. The pertinent section of the statute that appears to give rise to your question is Section (c) of the statute, which states:
 (c) It is the purpose and intent of this section to require all psychological service providers, except as specifically otherwise provided in this section, to conform to the licensing requirements of this chapter and thereby to protect the public's health and welfare by ensuring competence in the delivery of those services.
A.C.A. § 17-97-104(c).
You appear to interpret the effect of a repeal of the above-quoted provision as "remov[ing] protection of the public as the purpose of licensure." Again, it is not necessary for me to evaluate whether this interpretation is correct, because even if that is the effect of the repeal, such a change in the law is not prohibited by the Arkansas Constitution or the U.S. Constitution. It is therefore a permissible act of the General Assembly.
Question 3 — Is it legal to allow individuals who are being investigatedby the Board for licensure infractions or ethical problems to select alicensed peer of equivalent qualifications to serve on the Board's panelof claims investigation?
It is my opinion that this provision of SB 133 is legal, for the reasons stated in response to Question 1.
The provision in question is Section 16 of SB 133, which amends A.C.A. §17-97-311(a)(1)(C) to state:
 A licensee subjected to investigation shall be notified before the investigation begins and may select a licensed peer of equivalent qualifications to serve on the board's panel of claims.
SB 133, § 16.
It is my understanding that your objection to the above-quoted provision is that it does not serve the goal of impartiality.
Again, no provision of the Arkansas Constitution or the U.S. Constitution prohibits a provision of this nature. I must therefore conclude that it is legal.
I reiterate that the conclusions stated herein apply only to the legality of SB 133; I cannot opine as to its wisdom.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Again, I do not take a position as to whether this is, in fact, the effect of the bill.